## THOMAS P. CASPER ET AL.
## v.
## THE PEOPLE, use, etc.

1. OFFICIAL BOND—LIABILITY OF SURETIES.—In an action upon the official bond of a constable against him and his sureties, for selling exempt property, only single damages can be recovered. The statute providing for the recovery of double damages in such cases does not, in express terms or by necessary implication, make the sureties upon such bond liable for more than single damages. The penalty of double damages can be enforced only against the officer.

2. SCHEDULE.—There must be a substantial compliance by the debtor with the law requiring him to present to the officer a schedule of his personal property. Handing to the officer a paper purporting to contain a list of such property, but not sworn to, is not a sufficient compliance with the statute, and the officer may disregard it.

APPEAL from the Circuit Court of Union county; the Hon. JOHN DOUGHERTY, Judge, presiding. Opinion filed April 2, 1880.

Mr. M. C. CRAWFORD, for appellant; cited Rev. Stat. 1877, 485; Smyth on Homesteads, § 15; Pace v. Vaughan, 1 Gilm. 30; Vaughan v. Thompson, 15 Ill. 39; Rev. Stat. 1877, 740.

WALL, J. This suit was begun before a justice of the peace, and was removed by appeal to the Circuit Court of Union county. It was brought upon the official bond of Casper, a constable, to recover damages arising from the sale of a lot of hogs levied upon by Casper, under an execution issued in favor of Jane Brandon, against James W. Finch, on the alleged

ground that the property was exempt from levy and sale on execution. Finch was the head of a family, and resided with the same. During his temporary absence from home, the constable having the execution in his hands to collect, went to the residence of Finch, in Union county and made the levy. He was informed at that time by the wife of Finch, that Finch was then in the State of Missouri at work upon a farm. On the 26th April, 1878, Finch met Casper at the residence of the latter, and in the course of their conversation Casper advised him to make out his schedule under the exemption laws, but Finch declared that he would not do so. They met again on the 2d of May, when this advice was repeated. The sale occurred on the 4th May. Just as it was beginning, Finch handed Casper a paper purporting to be a schedule of his personal property. It was signed, but not sworn to. The officer proceeded with the sale. The evidence showed the hogs were worth from sixty to one hundred dollars, the witnesses varying in their estimates between these figures. The jury in the circuit court found for the plaintiff and assessed the damages at one hundred and seventy dollars, and judgment was entered upon this verdict. At the instance of the plaintiff and against the objection of the defendant, the court gave the jury the following instruction: "The court further instructs you for the plaintiff that if you, upon a preponderance of evidence, find the issue for the plaintiff, in that case you will find the debt two thousand dollars, the amount of the bond offered in evidence, and assess the damages at double the value of the hogs sold by the constable." By this instruction the jury were required, if they found for the plaintiff, to assess the damages at double the value of the property. It is objected that in a suit upon the official bond of the constable for selling exempt property, he and his sureties are liable for single damages only.

We think this point is well taken. Sec. 17, Chapter 52, Revised Statutes, provides: "If any officer, by virtue of any execution or other process, * * * * * shall take or seize any of the articles of property exempted, as herein provided, from levy and sale, such officer * * * shall be liable to

the party injured, for double the value of the property so illegally taken or seized, to be recovered by action of trespass, with costs."

It will be observed that the penalty here provided for is against the officer, and is not by the express terms of the section, or by necessary implication, recoverable of his sureties on his official bond. Penalties are never extended by implication, nor are sureties ever held beyond what is clearly within the scope and purpose of their undertaking. The remedy here prescribed—trespass—is well adapted to a suit against the officer alone, but is not appropriate when an instrument under seal is the foundation of the action, and it would not, probably, have been designated, if it had been intended to make the sureties liable for the penalty. Pace v. Vaughn, 1 Gilm. 30; Vaughn v. Thompson, 15 Ill. 39. The execution came to the hands of the officer, April 12, 1878, and the parties seem to have tried the case upon the theory that it was controlled by the act of 1877, in relation to the exemption of personal property. By that act " the head of a family residing with the same, may claim as exempt necessary wearing apparel, Bibles, school books and family pictures, and four hundred dollars worth of other property, to be selected by him, such selection not to include money, salary or wages due him from any other person or corporation." Section 1.

" Whenever any debtor wishes to avail himself of the benefit of the act, he is required to make a schedule of all his personal property, including money on hand and debts due him, and deliver the same to the officer, which schedule must be subscribed and sworn to by the debtor." Section 2.

The paper called a schedule in this case was not sworn to, and therefore was not in compliance with the act of 1877, and the officer was not bound to notice it. It is not available as a selection under the former act, for it does not profess to be a selection, but was evidently intended as a schedule under the act of 1877. Had it been in proper form and presented in apt time, the officer should have summoned three house-holders to appraise the property, etc., etc., suffering the debtor to select such as he might desire to retain, not exceeding the aggregate

Casper v. The People.

amount exempt; the remainder to be sold, etc., as provided in the second clause of Section 2.

At the instance of the plaintiff, the court gave the following instruction: "The court instructs you that if it appears from the evidence that James W. Finch, on the fourth day of May, A. D. 1878, was the head of a family, and was residing with the same, then he was entitled to hold 'exempt from levy and sale four hundred dollars' worth of property, to be selected by him, in addition to the property specifically exempt by law in kind,'" and refused the following asked by defendant: "The court further instructs you, as a matter of law, that whenever any debtor against whom an execution, writ of attachment, or distress warrant has been issued, desires to avail himself or herself of the benefit of the exemption law of this State, he or she shall make a schedule of all his or her property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver to the officer having the execution, writ of attachment, or distress warrant, which said schedule shall be subscribed and sworn to by the debtor; and any property owned by the debtor, and not included in the schedule, shall not be exempt, as aforesaid; and that unless you believe from the evidence that said schedule has been made or tendered to the officer before or at the time of the sale of the property under the execution, you shall find the defendant 'not guilty.'"

Now if the case was governed by the act of 1877, as was assumed in the plaintiff's instruction, it was error to refuse this instruction asked by defendant.

The sixth and seventh instructions, given at the instance of the plaintiff, were based upon the assumption that the schedule offered was in compliance with the statute and required the officer to desist from further proceedings until the property was appraised, and the amount exempt set apart to the debtor. For the reason already stated this assumption was unsound, and these instructions were erroneous.

We deem it unnecessary to notice other assignments of error. The judgment is reversed and the cause remanded.

Reversed and remanded.