## ILER & CO. V. DANIEL CRONIN.

[FILED APRIL 7, 1892.]

Illegal Fees: ACTION FOR TAKING: PARTIES PLAINTIFF. An
action to recover the penalty imposed by section 3034 Consol.
Stats. (sec. 34, ch. 28, Comp. Stats.), for the taking of illegal fees
by an officer, can only be brought by the party injured or dam-
aged by the taking of such fees.

ERROR to the district court for Clay county. Tried
below before MORRIS, J.

*G. W. Bemis,* for plaintiffs in error, cited: Comp. Stats.,
ch. 28, sec. 34; Code, sec. 484.

*R. G. Brown, contra.*

NORVAL, J.

This action was brought by plaintiffs in error to recover
the penalty imposed for taking of illegal fees by section 34,
chapter 28, Compiled Statutes, entitled "Fees." From a
judgment dismissing the action plaintiffs prosecute error.

There is no dispute as to the facts. The defendant is a
constable of Clay county, and on the 1st day of March,
1888, there came into his hands ten executions for collec-
tion against one Anna La Fiels, among which was one in
favor of plaintiffs in error for $42.30. These executions
were levied upon a stock of merchandise owned by said
La Fiels, and the goods were sold by the defendant for
$409.26. The costs of sale amounted to $256.42, which
was retained by the defendant, and the balance of the
proceeds of sale, being insufficient to satisfy the executions,
was divided among the execution creditors *pro rata.* The
amount indorsed as collected upon the execution of Iler
& Co. was $8.19. The costs of selling the property are
enormous, many of the charges being entirely unauthorized

by statute, while others are in excess of the legal fees; $67.50 was retained by the defendant for guarding the property, $25 as auctioneer, and $77.75 for invoicing and clerking. There was also retained as commissions by the defendant $12.27, or three per cent on $409.26. He was only entitled to charge three per cent on the first $400, and two cents on each dollar in excess of that sum, or $12.19. It is unnecessary to refer to the various items of fees charged. The defendant having received as commissions a sum in excess of that fixed by law, he is liable to the statutory penalty.

The only question yet to be considered is, Can the plaintiff maintain the action? The section under which this action was brought is in these words:

"Sec. 3034. If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand, and take any of the fees hereinbefore ascertained and limited, where the business for such fees are chargeable shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law."

It will be observed that the language used by the legislature is, "that such officer shall forfeit and pay to the party injured fifty dollars," etc. The right to sue for the penalty is restricted to the party who is damaged by the taking of illegal fees by an officer. A mere volunteer cannot maintain the suit. None of the fees were paid by these plaintiffs, but by the execution debtor by the sale of her property. True, had the defendant only charged lawful fees, the plaintiffs would have realized a larger sum on their execution than they did, but it does not appear that they have, by reason thereof, sustained any loss or damage. The judgment debtor may be abundantly able to pay the

judgment. There is no evidence that she is insolvent or that plaintiffs' claim cannot be collected on execution. The judgment of the district court is clearly right, and is

AFFIRMED.

THE other judges concur.