STATE BANK OF MONTE VISTA v. BRENNAN ET AL.

1. SURETIES ON OFFICIAL BOND.
The sureties on a sheriff's bond are not liable in treble damages for the wrongful acts of their principal.
2. SAME.
The liability of sureties cannot be extended by implication.

*Error to the District Court of Rio Grande County.*

Mr. C. M. CORLETT, for plaintiff in error.

Mr. G. Q. RICHMOND, for defendants in error.

REED, P. J., delivered the opinion of the court.

The defendant in error, Brennan, was sheriff of Hinsdale county. The other parties impleaded with him were the sureties on his official bond. Suit was brought by plaintiff in error against Brainerd & Beebee; an attachment levied upon a hotel and furniture; judgment obtained, with cost and interest, for $2,749.81; the property sold for $3,600. The sheriff charged fees for custodian $1,300.25, which he retained, leaving a deficit on the judgment of $534.66. The time charged for was 258 days, by two custodians,—Thorman 181 days, Buckles the balance. The amount charged was the maximum or limit allowed by statute,—$5.00 for each 24 hours, two days of 12 hours each at $2.50. The fees were allowed and paid under protest by appellant. Application was made to the district court and the cost retaxed, and the sheriff ordered to refund $534.20. Failing to refund,

this suit was brought against Brennan and his sureties on his official bond, and treble damage, $1,602.60, claimed, under secs. 865 and 1301, Mills' Stats. (Gen. Stats., secs. 610 and 817), as follows:

"No sheriff shall directly or indirectly ask, demand or receive for any service to be by him performed in the discharge of any of his official duties any greater fees than are allowed by law, on pain of forfeiture of treble damages to the party aggrieved, and being fined in a sum not less than twenty-five dollars and not more than two hundred dollars."

"Any judge, justice of the peace, clerk, sheriff, constable, city marshal, or other public officer, who for the performance of an official duty, for which a fee or compensation is allowed or provided by law, shall wilfully and knowingly demand or receive any greater fee or compensation either in money or other thing of value than what is allowed or provided by law for the same, or who shall wilfully and knowingly demand or receive any such fee or compensation where no fee or compensation whatever is authorized or prescribed by law, shall be guilty of a misdemeanor, and upon conviction thereof shall be confined in jail not less than one nor more than six months, and shall be fined not less than one hundred nor more than five hundred dollars, besides being liable on a civil action to the person or persons from whom such fee or compensation is thus knowingly and illegally demanded or received, for three times the value or amount thereof; and upon the examination or trial of such offense, the defendant shall be presumed to have acted wilfully and knowingly until the contrary is shown."

Judgment was entered against the defendant for $534.20, interest and costs. Plaintiff below brings the matter here for review, claiming that the district court erred in not awarding treble damages. The only question presented for determination is the one mentioned above. Whether a custodian was necessary and properly appointed we are not called upon to decide, as the question was not raised. In regard to the length of time of the service of a custodian,

there is no controversy. The length of service was established by competent testimony.

Section 1 of the act of 1891 (Sess. Laws 1891, p. 323) is as follows: " Whenever it shall be the duty of any sheriff or constable to appoint a custodian to take charge of any property levied upon by virtue of a writ of attachment or execution, the court shall allow such compensation for the services of the custodian as shall be proper, not exceeding two and one half dollars per day, to be taxed as costs, and such officer shall not demand or receive any greater sum." By which, it will be seen, the officer cannot charge, nor the court allow, a greater sum than was charged and collected. It would probably have been the better course for the sheriff to have had his bill for compensation of a custodian allowed and fixed. Failing to do so and charging the maximum allowed by law may have been excessive, but the remedy of the party aggrieved was by the course taken,—an application to have the costs retaxed.

It cannot be said, under section 865, that the sheriff demanded and received greater fees than was allowed by law, nor that, under section 1301, he willfully and knowingly did demand and receive any greater fee or compensation than was allowed and provided by law.

Both sections above referred to and upon which counsel rely make the demand or receipt of greater fees than allowed by law a misdemeanor. The penalty in section 865 is a judgment in treble damages *and a fine.* Section 1301 provides for conviction, imprisonment, a fine, and that he shall also be liable in treble damages to the party aggrieved. Both are penal, and evidently contemplate criminal proceedings and conviction.

This suit was brought against the sheriff and his sureties on his official bond. The sureties upon the bond cannot be subjected to the penalty. Under both sections the proceedings are against the sheriff personally. There is no provision making the sureties liable upon the official bond in treble damages for a crime or misdemeanor of the principal. It is

a well settled rule of law that the liability of sureties cannot be extended by implication, and they be required to respond in matters not embraced in nor contemplated in law and beyond the written obligation. Consequently, the sureties on the official bond are not liable. See Murfree on Official Bonds, sec. 678; Throop Public Officers, sec. 258; Mechem on Public Officers, sec. 295; *Holt v. McLean*, 75 N. C. 347; *Moritz v. Ray*, 75 N. C. 170; *Brooks v. Governor*, 17 Ala. 806; *Caspar v. People*, 6 Ill. App. 28; *Tappan v. People*, 67 Ill. 339; *State v. Baker*, 47 Miss. 88; *Detroit Sav. Bank v. Zeigler*, 49 Mich. 157; *United States v. Boyd*, 15 Pet. 187; *Taylor v. Parker*, 43 Wis. 78; *State v. Conover*, 4 Dutch. (N. J.) 224.

It follows that in the adjudication below there was no serious error warranting reversal, and the judgment of the district court will be affirmed.

*Affirmed.*