Thomson, P. J.,
delivered the opinion of the court.
This is a suit on a sheriff’s bond, in which judgment was rendered against the defendants, .and for the purpose of obtaining its reversal, they have brought the case here by writ of error.
In 1892, the plaintiff brought suit by attachment against a copartnership known as Brainard & Beebe. The attachment was sustained, judgment rendered for the plaintiff, and the attached property sold. The defendant Brennan was the sheriff who attached the property and made the sale. While the property was in his custody, he exacted from the plaintiff $1,250 as custodian’s fees, and after the sale returned the execution unsatisfied to the amount of $554.20. The plaintiff then moved in the cause for a retaxation of the costs. The motion was sustained, and it was adjudged that the custodian’s fees charged, were excessive in the sum of $800. The sheriff therefore held $554.20 belonging to the plaintiff, and which it was his duty to pay over. Upon his failure to make payment, the plaintiff brought this action against him and the sureties on his official bond. The complaint set forth the facts, and demanded judgment for three times the sum withheld. Answer and replication were filed, and the cause submitted to the court without a jury. The, judgment was in the plaintiff’s favor for the amount .detained by the sheriff, with interest from the time within which he was required to pay it over. The plaintiff, was dissatisfied. *370 with the judgment, because it was not for treble damages, and prosecuted error to this court, where the judgment was affirmed. State Bank v. Brennan et al., 7 Colo. App. 427. After our affirmance of the judgment, the defendants sued out a writ of error, and the case is now here at their instance.
It is urged with a great deal of vigor for the plaintiff that we have once passed upon the case, and that to entertain it again would involve a review of our own judgment. We quite agree with counsel that whatever has been decided by an appellate court on one writ of error, cannot be re-examined on a subsequent writ, brought in the same suit. We are empowered to review the judgments of inferior courts, but, after issuance of remittitur, we have no jurisdiction to review our own judgments. If the questions now presented were the same which we determined when the case was formerly before us, it would be our duty to dismiss the writ. But they are not. At that time the case was heard on a writ sued out by the plaintiff; and the sole ground of its objection to the judgment was that it was for the actual damages sustained by the plaintiff, and not for treble damages. We decided, first, that the facts in evidence did not entitle the plaintiff to treble damages; and, second, that by the statute authorizing the recovery, in certain cases, of treble damages, the proceeding must be against the sheriff personally, and that they were not recoverable from the sureties on his official bond. The question whether, upon the pleadings and evidence, any judgment at all should have been rendered against the defendants, was not before us, and it is this question which is now raised. Our affirmance of the judgment meant no more than that the plaintiff’s objections to it were not tenable. The question whether as against the defendants it was right, was not in the- case, and was not affected by our decision. Any person feeling himself aggrieved by a judgment, rendered in a suit to which he is a party, is entitled to have it reviewed on writ of error, provided he acts within-.the statutory period. Plaintiff and defendant may be equally *371 dissatisfied with it. The prevailing party, as was the case' here, may think it not large enough, while the other may think that its rendition at all was wrong. In such case, in the nature of things the grounds of dissatisfaction of the two parties must he radically different, and each is entitled to have the judgment reviewed on his own theory. When this cause was first here the defendants • might have assigned cross-error. Section 886, of the code gave them that privilege, but their failure to avail themselves of the privilege did not cut off their right to a writ of error. Not having assigned cross-error, their objections to the judgment can be heard only on error prosecuted by them. We think the defendants are properly here.
This being disposed of, we shall proceed to a consideration of the questions now raised. As we understand counsel for the defendants, their theory is that the only case attempted to be stated by the complaint, as a breach of the conditions' of the bond, is a willful charge by the sheriff of illegal fees ; and that as it has been decided that for such malfeasance there can be no recovery against the sureties, therefore the judgment is not supported by the complaint, and must fall. We cannot accept counsel’s construction of the pleading. The bond was set forth in the complaint in full, and its conditions were, among other things, that Brennan should well and faithfully discharge the dutiesof his office, without fraud, deceit or oppression, and pay over all moneys which might come into his hands as sheriff. The complaint, it is true, undertakes to charge the exaction of the illegal fees as a breach of the first condition; but it also alleges the order' made by the court on the motion for retaxation of costs, and the sheriff’s disobedience of the order in failing to pay over the money to the plaintiff. These allegations sufficiently charge a breach of the second condition. If they are true, the money did come into Brennan’s hands as sheriff, and he did fail to pay it over, as his bond obligated him to do. We may disregard the averments concerning the manner in which he received the- money in the first instance, as immaterial, *372 and there is still enough left to constitute the statement of a good cause of action on the bond.
The ruling of the court on the motion to retax the costs is assigned for error. That ruling was not made in this case, and except in the case in which it was made, it cannot be reviewed for error. No attack can be made upon it collaterally unless it is absolutely void. The objection to it seems to be that there was some defect in the notice of the motion. Section 372 of the code requires written notice of motions in all cases, except those made during the progress of a trial; and section 373 provides that where counsel of both parties, or the parties themselves, reside in the same comity, the notice shall be given twenty-four hours before the time appointed for the hearing; otherwise three days’ notice must be given. Without the giving of the required notice, or its waiver, the court has no authority to hear or pass upon the motion; and a decision of the motion, in the absence of the notice, or of any waiver of the notice, would be void. Coe v. Britton, 5 Colo. App. 85.
. It was alleged in the answer that the defendants never had any legal notice of the hearing of the motion. This is ip the nature of a negative pregnant. In so far as it means anything, it is an admission of notice, and a denial of its legality; but no facts are given to enable us to judge whether it was legal or not; and, on a subject of that kind, we cannot accept the pleader’s conclusion. In an affidavit by Mr. Brennan in support of a motion for a continuance of this cause, he stated that he expected to prove by an absent witness, C. H. Pierce, who was the attorney of Brainard & h>eebe, that notice was served on him on September 15,1896, that the motion would be called up for hearing on the 16th day of September, 1896, but that it was served so short a tipie before the departure of the train for Del Norte, where the court was in session, that it was impossible for him to attend the hearing. The affidavit also stated that on two qther occasions the affiant was in attendance at the court in pursuance of notice given .by the plaintiff that the motion *373 would be heard, but that a postponement of the hearing was granted upon application of the plaintiff. It would seem from this affidavit that notice of the motion was given on more than one occasion. Aside from the insufficiency of the answer on the subject of the notice, there appears to bp enough in this affidavit to show that the code provisions were complied with, or that, if they were not, compliance was waived by appearance. It may be that, for some reason which this record does not disclose, the order made upon the motion was voidable, and if so, correction of the irregularity should have been sought by appeal or writ of error from the order.
The presumptions are in favor of the jurisdiction of the court, and the regularity of its proceedings; and there is nothing in the record to warrant even an inference against the validity of the order in question. Objections to it are therefore out of place in this proceeding. We find no error in the' record, and the judgment must be affirmed.
Affirmed.