COURIER PRINTING & PUBLISHING COMPANY V. WALTER A. LEESE.

FILED JULY 10, 1902. No. 11,894.

Commisisoner's opinion, Department No. 3.

1. Justice of the Peace: SPECIAL APPEARANCE: ILLEGAL FEES. The defendant in an action before a justice of the peace made a special appearance, which was sustained; another summons issued, and was served on the defendant; judgment was subsequently rendered against the defendant; the justice included the proceedings on the special appearance in his docket entries in the case; the defendant ordered a transcript, in order to perfect an appeal; and the justice included therein the proceedings on the special appearance, and included the same in the fee charged and received for the transcript. *Held,* that the exaction of fees for that part of the transcript pertaining to the special appearance did not render the justice liable for the statutory penalty for taking illegal fees.

2. **Appeal Bond**: APPROVAL: CERTIFICATE: ILLEGAL FEE. The words, "Surety approved by me this 24th day of July, 1899," followed by the official signature of a justice of the peace, indorsed on an appeal bond, are not a certificate; and the exaction of a fee therefor, as such, by the justice is illegal.

3. **Filing Paper**: FEE: APPEAL BOND. The words, "filing petition, bill of particulars, or other paper necessary in a cause," in section 11, chapter 28, Compiled Statutes, include an appeal bond.

4. **Illegal Fee**: PENALTY: STATUTE. The penalty provided for in section 34 refers not only to the taking of greater fees than those specified for services rendered, but also to the taking of fees for services other than those specified in section 11 of chapter 28, Compiled Statutes.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Reversed.*

*Charles O. Whedon* and *James A. Brown,* for plaintiff in error.

*Thomas J. Doyle, Doyle & Stone, F. J. Kelley* and *Walter A. Leese, contra.*

ALBERT, C.

The plaintiff brought this action against the defendant to recover the statutory penalty for charging and receiving illegal fees, which, it is alleged, the defendant charged and received of the plaintiff for official services, while acting as justice of the peace. There appears to be no conflict on any material point. The defendant was a justice of the peace of Lancaster county. An action was brought before him against the plaintiff in this case, who appeared specially and objected to the jurisdiction of the court over it. The objection was sustained, whereupon another summons issued for the plaintiff, as defendant, before the justice, which was duly served. The case was tried to the defendant as justice, who gave judgment against the plaintiff herein, from which it appealed to the district court. The defendant herein, as such justice, entered the proceedings had on the special appearance, and the steps anterior

thereto, on his docket, as part of the proceedings in the cause in which he gave judgment; included such entries in the transcript on appeal; and charged therefor at the legal rate. He also charged ten cents for filing the appeal bond, fifteen cents for entering it on his docket and twenty-five cents for its approval and the memorandum of approval indorsed thereon. On this state of facts the court found for the defendant, and gave judgment accordingly. The plaintiff brings error.

As to the charge for that part of the transcript which pertains to the proceedings on the special appearance, the plaintiff contends that such entries were improperly included in the docket entries of the justice, and were not entries of proceedings had in the case in which the judgment appealed from was rendered, and that such charge was consequently illegal. Whether such entries were proper, we need not determine. They were made, and were a part of the docket entries in the case, when the transcript was ordered. If the record contained matters which the plaintiff did not deem necessary to be included in its transcript, it could have asked that they be omitted. It asked for a transcript of a record, the contents of which it must be presumed to have known. It got what it asked for, and, it seems to us, the defendant was entitled to his fees in making it. It is true the plaintiff objected to such entries after the transcript was made, but that was after the justice had earned his fee for making it, and came too late.

This brings us to the other items. The services for which a justice of the peace is entitled to compensation are specified in section 11, chapter 28, Compiled Statutes. He is entitled to no fees for services not herein enumerated. *Phœnix Ins. Co. v. McEvony*, 52 Nebr., 566. That section allows a fee of ten cents for "filing petition, bill of particulars, or other paper necessary in a cause." We think the language is broad enough to include an appeal bond; and that the defendant was entitled to the fee charged in that behalf.

As to the fee charged for entering the appeal bond on the docket, the defendant was not entitled to it. Section 1086, Code of Civil Procedure, makes it the duty of the justice to thus enter it, but section 11, *supra*, allows no fee for that service. Neither does said section provide any fee for the approval of an appeal bond, nor for the indorsement of such approval thereon. It appears to have been urged by the defendant (we have not been favored with a brief in his behalf) that he attached a certificate of approval to the bond. The readiest answer to this is that it does not so appear in the record. The only indorsement on the bond is, "Surety approved by me this 24th day of July, 1899," followed by the official signature. Such indorsement is a mere memorandum, and in no sense a certificate. In our opinion, this charge is also illegal.

Section 34, chapter 28, Compiled Statutes, is as follows: "If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand, and take any of the fees hereinbefore ascertained and limited, where the business for which such fees are chargeable, shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law." Its object was to protect the public against extortion. One of the acts denounced is the taking of greater fees than those limited and expressed in section 11, *supra*. The use of the word "expressed," in the section quoted, is significant. To our minds it was intended to express the thought that the penalty would follow, not only the taking of greater fees than those specified for services rendered, but the taking of fees for services other than those specified in section 11. If that be true, the taking of fees for the entry of the appeal bond on the docket, the approval of such bond and the entry of a memorandum of such approval thereon, come under the ban of the statute, and the defendant is liable for the pen-

alty. It is therefore recommended that the judgment of the district court be reversed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.

NOTE.—*Officer*.—*Fees*.—*Accounting*.—A county clerk must account for all fees earned by him, whether collected or not. *Sheibley v. Dixon County*, 61 Nebr., 409. Surety on bond liable for an excessive fee. The statute providing a fifty dollar penalty for excessive fee, is constitutional. *Graham v Kibble*, 9 Nebr., 182. After the decision in *Courier Co. v. Leese*, any officer, required to account for fees, makes a charge for fees at his peril. If too little, he and his bondsment are chargeable with shortage; if too much they are liable for $50 penalty.—W. F. B.