SAMUEL ECCLES V. UNITED STATES FIDELITY & GUARANTY COMPANY.

FILED DECEMBER 7, 1904. No. 13,646.

Sureties upon an official bond are liable for a statutory penalty incurred by their principal by taking illegal fees.

ERROR to the district court for Gage county: JOHN S. STULL, JUDGE. *Reversed.*

*A. Hardy,* for plaintiff in error.

*Hazlett & Jack, contra.*

AMES, C.

Defendant in error signed, as surety, the official bond of one W. H. Walker as a justice of the peace. This action was brought upon the bond against Walker and his surety

to recover the statutory penalty of $50 for an alleged receipt by the former of illegal fees in his official capacity. The defendants answered separately, and there was a trial and verdict for the plaintiff.   Upon motion the court set aside the verdict and granted a new trial as to the surety, but denied a like motion by Walker.   Afterwards the court sustained a motion by the surety to dismiss the action as to it, on the ground that the petition does not state facts sufficient to constitute a cause of action against it.   From the judgment of dismissal the plaintiff prosecutes error.

It is not disputed that the defendant in error was lawfully obligated as surety upon the official bond of Walker, which it was doubtless capable of becoming by estoppel, if not otherwise; and the sole question properly presented for decision is whether a surety upon an official bond is liable for a statutory penalty incurred by his principal by taking illegal fees.   We think the answer should be in the affirmative.   It was so decided by this court in *Kane v. Union P. R. Co.,* 5 Neb. 105, and again in *Phœnix Ins. Co. v. McEvony,* 52 Neb. 566.   We do not see how it can be held otherwise than that the justice committed the offense complained of by virtue of his office.   He collected a gross sum as his taxable costs or fees in a suit before him, and the illegal charge was an item contributing to that amount, so that the act was an inseparable part of his official conduct, and the statute denouncing the penalty treats the taking of illegal or extortionate fees, in terms, as an official act.   Sec. 34, ch. 28, Compiled Statutes, 1903 (Annotated Statutes, 9060).   Counsel for defendant in error are mistaken in supposing that *Snyder v. Gross,* 69 Neb. 340, and *State v. Porter,* 69 Neb. 203, are in conflict with the foregoing.   The former of these latter cases was an instance in which it was attempted to hold the sureties of a justice of the peace liable for an act entirely foreign to any duty enjoined upon him in connection with his office, and in the latter of them it was sought to recover fees received for services not attempted to be required of the secretary of state, but of the person who happened to hold

that office as a supposed member of an unconstitutionally and illegally constituted official board or commission. He certainly did not receive them by virtue of his office as secretary of state, and, in the opinion of the writer, the decision goes to the furthest limit of linguistic propriety in saying that they were taken by color of that office. They were taken under color of the void statute.

We are of opinion, therefore, that the judgment of the district court dismissing the action as to the defendant in error is erroneous, and recommend that it be reversed and a new trial granted.

OLDHAM, C., concurs. LETTON, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court dismissing the action as to the defendant in error be reversed and a new trial granted.

REVERSED.