WALTER A. LEESE, JUSTICE OF THE PEACE, V. COURIER PUB-
LISHING & PRINTING COMPANY.

FILED DECEMBER 20, 1905.   No. 14,041.

Justice of the Peace: ILLEGAL FEES: PENALTY. The taking of fees
by a justice of the peace for services performed by him and for
which no fee is allowed is actionable under the provisions of
section 34, chapter 28, Compiled Statutes, 1903.

ERROR to the district court for Lancaster county: LIN-
COLN FROST, JUDGE.   *Affirmed.*

*T. J. Doyle,* for plaintiff in error.

*J. A. Brown* and *C. O. Whedon, contra.*

JACKSON, C.

This is an action to recover the penalty provided by
section 34, chapter 28, Compiled Statutes 1903 (Ann. St.
9060), and is the second appearance of this case here,
the first opinion appearing in 65 Neb. 581.

After the cause had been remanded, plaintiff filed an
amended petition wherein the allegation material to the
inquiry is: "That said defendant, Walter A. Leese, jus-
tice of the peace, on or about the 24th day of July, 1899,
did demand of this plaintiff the sum of 50 cents for the
approval of said appeal bond as follows: 10 cents for filing
the same; 15 cents for copying the same upon his docket;
and 25 cents for acknowledgment and certificate of the
same.   That the charging and taking of said sums of 15
cents for copying and 25 cents for acknowledgment and
certificate were unauthorized and unlawful, and said de-
fendant did demand, charge and take from this plaintiff
the said sums without authority and contrary to law.
That said sums so demanded and received by the defend-
ant from this plaintiff, as aforesaid, were more than by
law the defendant was entitled to receive and the taking

thereof was a taking of greater fees than allowed by law, and was in violation of section 34, chapter 28 of the Compiled Statutes of Nebraska, 1899, entitled 'Fees.' Whereby the defendant became indebted to the plaintiff in the sum of $50, no part of which has been paid." The answer to the amended petition contains, first, a general denial; second, a plea of the statute of limitations; third, a want of legal capacity to sue; and, fourth, the constitutionality of the act under which the action is brought, together with the issue that the petition fails to state a cause of action. The reply is a denial of the allegations of new matter. A trial on the issues thus tendered terminated in a verdict being directed for the plaintiff for the sum of $50 and a judgment thereon. The defendant prosecutes error.

The petition in error and argument in support thereof present the following questions for review: First, that the court erred in overruling an objection to the introduction of any evidence, for the reason that the petition failed to state a cause of action; second, that the action was barred by the statute of limitations; third, that the verdict and judgment are contrary to the evidence; fourth, the constitutionality of the act authorizing the maintenance of the action; fifth, want of legal capacity to sue; and, sixth, that the court erred in directing a verdict for plaintiff.

The amended petition, upon which the second trial was had, was filed more than four years after the cause of action accrued, and it is argued that the cause of action therein stated is entirely different from the one contained in the original petition, and that the action is therefore barred by the statute. An examination of the first opinion, however, discloses that the identical items enumerated in the amended petition were involved in the original cause of action, and that it was because of the charging and taking of the fees said to be illegal that the first judgment was reversed. The original petition was offered in evidence at the second trial, and it appears that the only

difference is that in the original petition it was charged that the defendant did demand of this plaintiff the sum of 50 cents for the approval of said appeal bond, and did demand and take the said sum of 50 cents therefor contrary to law, while in the amended petition, upon which the second trial was had, the itemized statement shows that only 25 cents of the 50 cents collected was charged for the approval of the bond. The charging of a fee, however, for the approval of the bond is the essence of the complaint, and the illegal charge set out in the amended petition is identical with that in the original, except as to the amount, and the plea of the statute of limitations must therefore be determined adversely to the plaintiff in error.

The questions suggested by the fourth and fifth contentions have already been determined in this court adversely to the plaintiff in error. *Iler v. Cronin*, 34 Neb. 424; *Graham v. Kibble*, 9 Neb. 182.

The assignments of error involved in the objection to the introduction of evidence on the part of the plaintiff for the reason that the petition fails to state a cause of action, and that the verdict and judgment are contrary to the evidence, are based upon a construction of the statute, which we are urged to adopt. The statute is as follows: "If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand, and take any of the fees hereinbefore ascertained and limited, where the business for which such fees are chargeable, shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law." Comp. St., ch. 28, sec. 34. This statute is penal in its nature and should be strictly construed, and the contention of the plaintiff in error is that the cause of action set out in the petition does not come within the letter of the statute; that the penalty provided by the statute is for the taking of a

greater fee than that expressed and limited for services performed, or for charging or demanding and taking fees ascertained and limited for business which has not actually been done, whereas the cause of action set out in the petition is for the charging and taking of fees for services actually performed and for which no fee has been provided by statute. There is considerable force in this contention, and, if it were an open question, our conclusion might be different. However, it was so held in *Phœnix Ins. Co. v. McEvony*, 52 Neb. 566, and in our former opinion it was expressly ruled that the charges were illegal and that the collection of the fee therefor was actionable under the provisions of the statute quoted, and it was because of that construction that the former judgment was reversed.

The only question remaining is, was the court justified in directing a verdict for the plaintiff? The evidence discloses, without dispute, that at the time the item of 50 cents was paid to the plaintiff in error, counsel for defendant in error presented an appeal bond and applied for a transcript, for the purpose of taking an appeal from a judgment rendered by the plaintiff in error as a justice of the peace against the defendant in error, and was informed that the advance charges on the appeal would be 50 cents. This sum was paid, and later, when the transcript was completed and delivered to counsel for appellant in that proceeding, the further sum of $1.75 was demanded and paid for the transcript and certificate thereto, and at that time, at the request of counsel representing the appellant therein, defendant in error herein, the plaintiff in error made and delivered to such counsel a statement and receipt as follows:

"In Justice Court. Before Walter A. Leese, Brownell block, rooms 16 to 19, Lincoln, Nebr. Charles F. Wilson v. Courier Ptg. & Pubg. Co., Doc. 40, page 155. J. A. Brown, Def'ts Attorney.

"Def'ts J. P. Fees for appeal costs, viz.:

July 24-99.   Filing appeal bond.....................$  .10
Ack. & certificate appeal bond.......................   .25
Copying appeal bond..................................   .15
Transcript 1,500 words............................  1.50
Certificate to transcript............................   .25

    Total  ...................................$2.25
July 24-99.   Cr. def't..............................   .50

    Bal. trans. & cert. fees.........................$1.75

"Aug. 19, 1899.   Rec'd balance of above amt. $1.75 from def't, by **J. A. Brown.   Walter A. Leese,** Justice of the peace."

The taxation of costs on the justice's docket appears as follows:

"Costs in Margin.

"Justice's fees—Walter A. Leese:

|  | Plaintiff's Costs. | Defendant's Costs. |
|---|---|---|
| Docketing case | $ .25 | .... |
| Summons & filing | 1.20 | .... |
| Filing papers | .30 | .30 |
| Entering judgment | .50 | .... |
| Satisfaction | .... | .25 |
| Entering motions and rules | .20 | .10 |
| Swearing witness | .20 | .10 |
| Copying | .10 | .... |
| Continuance | .50 | .... |
| Attendance | 1.00 | .... |
| Filing appeal bond | .... | .10 |
| Certificate approval bond | .... | .25 |
| Copying appeal bond | .... | .15 |
| Transcript for appeal 1,500 words | .... | 1.50 |
| Certificate to trans | .... | .25 |

    Total J. P. costs .........................$7.25

```
7-24-99.   Credit Def't..$ .50
8-19-99.   Cr. Def't..... 1.75                           2.25

     Bal. ...................................$5.00
  Officer's Fees—A. M. Bartram:
Service of alias summons....$ .50          ....
Copy of alias summons...... .25            ....
Mileage on alias summons... .10            ....
                                ___
     Total ..............$ .85             ....    $ .85
  Witnesses:
Charles F. Wilson              Pl'ff
Sarah B. Harris......................$1.00
Lottie Hummel ....................... 1.00
                                    ___
     Total ........................$2.00      $2.00"
```

From this statement it appears that the total taxed as the defendant's costs amounted to $3, the item of 25 cents for entering satisfaction of judgment it is conceded was improperly taxed; striking out that item together with the items of 25 cents for certificate of approval of appeal bond and 15 cents for copying the same, there would still be left $2.35 of legal costs primarily chargeable to the defendants therein, 10 cents in excess of the exact amount actually paid; and it is the contention of the plaintiff in error herein that, as the item of 50 cents paid July 24, 1899, was credited generally, it should be applied on the legal costs and not the illegal. Upon a consideration of the whole evidence, however, we are convinced that it was the purpose of the plaintiff in error, at the time the items of 50 cents and $1.75 were charged and received, to charge the same as they are specified in his receipt. We entertain no doubt that these charges were made and collected by the plaintiff in error in the utmost good faith, with the conviction that he was entitled to charge and receive the same; however, in doing so he acted at his peril. The statute as applied to the facts in this case is manifestly unjust.

It is evident, however, that under the facts there was no course open to the trial court except to direct a verdict for the plaintiff, and we recommend that the judgment be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.