SAMUEL ECCLES, APPELLEE, V. WILLIAM H. WALKER, APPELLEE; UNITED STATES FIDELITY & GUARANTY COMPANY, APPELLANT.

FILED FEBRUARY 8, 1906. No. 14,388.

1. **Official Bonds: SURETIES: LIABILITY.** The surety on the official bond of an officer is not liable for the penalty of $50 imposed by section 34, chapter 28 of the Compiled Statutes, for exacting fees in excess of those prescribed by statute. *Eccles v. United States Fidelity & Guaranty Co.*, 72 Neb. 734, disapproved.

2. **Second Appeal: LAW OF CASE.** An appellate court, on a second appeal of a case, will not ordinarily reexamine questions of law presented by the first appeal, but where the case was on the first appeal remanded generally for a new trial and the same questions are presented on the second trial, the appellate court is not bound to follow opinions on questions of law presented on the first appeal and may reexamine and reverse its rulings on such questions, and should do so when the opinion first expressed is manifestly incorrect.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*Hazlett & Jack,* for appellant.

*A. Hardy, William H. Walker* and *E. O. Kretsinger, contra.*

DUFFIE, C.

Eccles sued Walker upon his official bond as justice of the peace to recover $1.25 illegal fees exacted from him, and also the penalty of $50 provided in section 34, chapter 28 of the Compiled Statutes 1905 (Ann. St. 9060). The trial resulted in a judgment against Walker for the amount claimed, but the district court dismissed the action as against the surety, the United States Fidelity & Guaranty Company. From this order Eccles appealed, and the court reversed the order and remanded the case for a new trial. (72 Neb. 734.)

The opinion is direct and specific that the surety on the official bond of an officer is liable for the penalty of $50 denounced against the exaction of fees in excess of those provided and limited by the statutes of this state, and on the retrial of the case the court so charged the jury, and refused an instruction, tendered 'by the defendant surety, that the penalty provided by statute could be recovered only from the officer guilty of exacting the excessive fee. The headnote to the former opinion is in the following language: "Sureties upon an official bond are liable for a statutory penalty incurred by their principal by taking illegal fees." The opinion cites *Kane v. Union P. R. Co.,* 5 Neb. 105, and *Phœnix Ins. Co. v. McEvony,* 52 Neb. 566, as cases involving the question and holding the surety liable. A reexamination of these cases convinces us that in neither was the question directly raised or decided. In *Kane v. Union P. R. Co.* the treasurer of Cheyenne county seized and levied upon four locomotives of the railroad company for the payment of delinquent taxes due the county. The company, after the seizure of its locomotives, tendered to the treasurer the full amount

of taxes due, but he refused to receive the same and release the locomotives unless it paid a further amount which he claimed he was entitled to demand and receive in the nature of fees and penalties, and which the company claimed was illegal and unauthorized by law. Finally the company paid the taxes, and also the fees and penalties demanded, the latter under a written protest, and then brought an action on the treasurer's bond to recover the fees and penalties so paid. From this statement it will be seen that there was no attempt to recover from the treasurer and the sureties on his bond any statutory penalty denounced against an officer for taking illegal fees; the plaintiff in that action sought no relief except the recovery of money paid to the treasurer as fees and penalties which he demanded as a condition of the release of the property levied on, and this court held that the exaction of fees and penalties not imposed by law was a breach of the treasurer's bond, for which the sureties were liable, but the question of the liability of the sureties for a statutory penalty, in addition to the illegal fees exacted, was not an issue in the case and not passed on by the court.

In *Phœnix Ins. Co. v. McEvony, supra,* the company brought ten separate actions against McEvony, the sheriff of Holt county, and the sureties on his official bond to recover certain fees which, it alleged, the sheriff had charged and taken from it for services performed by him as sheriff, and which it claimed were in excess of those permitted by statute. The penalty denounced by statute for taking illegal fees was also asked in each case. After the plaintiff had introduced its evidence and rested, the district court, on motion of the defendant, compelled the insurance company to elect on which of the two causes of action stated in its petition it would stand, that is, the court compelled the insurance company to abandon the cause of action against the sheriff for 'the recovery of the illegal fees collected or to abandon the cause of action for the statutory penalty. This court, in discussing the question, said: "This action of the court was erroneous. The learned

district court seems to have been of opinion that the two causes of action could not be united in the same petition; but the two causes of action in each of the petitions of the insurance company grew out of the same transaction and are connected with the same subject of the action. The two causes of action affected all the parties to the suit and did not require different places of trial (code, secs. 87, 88) ; and the plaintiff had the right to join those two causes of action in one petition. It is true that the two causes of action were not separately stated and numbered as the code requires, but that could not be taken advantage of by a motion to compel the plaintiff to elect on which cause it would stand."

The grounds upon which the defendant's motion to compel the plaintiff to elect was made does not appear with certainty, but from the foregoing quotation it is quite plain that the motion was based upon the well-understood rule that two causes of action, one upon contract and one for a tort committed, cannot ordinarily be joined in the same petition. So far as we are able to judge from the opinion, the question of the liability of the sheriff's sureties for the statutory penalty was not raised in the district court and was not a question presented to this court for its decision. The only question decided was that the two causes of action, conceding the liability of the sureties for the statutory penalty, might be joined in the same action.

Passing now to the liability of a surety for the statutory penalty provided by section 34 of chapter 28, *supra,* against the principal for exacting illegal fees, the wording of the statute is to our minds conclusive that the officer alone is subject to the penalty. The section is as follows: "If any officer, whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand, and take any of the fees hereinbefore ascertained and limited, where the business for which such fees are chargeable shall not be actually done and performed, such officer

shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law." The several cases heretofore brought to recover the penalty for taking or exacting illegal fees have apparently proceeded against the officer alone. *Graham v. Kibble*, 9 Neb. 182; *Cobbey v. Burks*, 11 Neb. 157; *Lydick v. Palmquist*, 31 Neb. 300; *Iler & Co. v. Cronin*, 34 Neb. 424; *Phœnix Ins. Co. v. Bohman*, 28 Neb. 251. In the case last cited it is said: "While an officer taking illegal fees is liable to the full penalty of the law, yet the statute, being highly penal in its nature, will not be extended by construction or implication beyond the clear import of its language." There is nothing in the language of the statute which in express words, or by implication even, gives a right of action to the party injured on the official bond of the offending party. On the contrary, the statute is that "such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law." In our judgment the legislature had in mind in enacting this statute a penalty to be inflicted upon the officer alone for his violation of a duty, and from the fact that in the past the practice has been to sue the officer alone, this seems to have been the construction heretofore placed upon the statute by the profession. Penalties of this character are never extended by implication, nor are surties held beyond what is clearly within the scope of their undertaking, and when a statute provides a penalty for the doing or not doing of certain acts, and does not by express terms make the sureties liable, they are not responsible for such penalty. *Casper v. People*, 6 Ill. App. 28; *State v. Baker*, 47 Miss. 88; *Moretz v. Ray*, 75 N. Car. 170; *Brooks v. Governor*, 17 Ala. 806; *State v. Bagby*, 160 Ind. 669, 67 N. E. 519; *State v. Flynn*, 157 Ind. 52, 60 N. E. 684; Murfree, Official Bonds, sec. 654; *McDowell v. Burwell*, 4 Rand. (Va.) 317; *Treasurers v. Hilliard*, 8 Rich. Law (S. Car.), 412; *Jeffreys v. Malone*, 105 Ala. 489; *Hixon v. Cupp*, 5 Okla. 545, 49 Pac. 927; *Furlong v. State*, 58 Miss. 717. We think it is clear,

both upon reason and authority, that a surety is not liable for a statutory penalty denounced against his principal, unless the statute imposing the penalty so provides. Is this a case where the former decision of the court becomes the law of the case, to be followed on subsequent appeals, or may the legal question involved be again examined and a different judgment given?

In *City of Hastings v. Foxworthy*, 45 Neb. 676, this court announced the following rule: "An appellate court, on a second appeal of a case, will not ordinarily reexamine questions of law presented by the first appeal, but where the case was on the first appeal remanded generally for a new trial and the same questions are presented on the second trial, the appellate court is not bound to follow opinions on questions of law presented on the first appeal and may reexamine and reverse its rulings on such questions, and should do so when the opinion first expressed is manifestly incorrect."

It will be remembered that on the first trial of this case in the district court the court dismissed the action as against the surety, the present appellant. This was manifestly wrong, as no one contends that the surety was not liable upon Walker's bond for the amount of the illegal fee exacted from Eccles. This error required a reversal of the case, and the case was reversed generally and remanded for a new trial. On the second trial the liability of the surety for the penalty was again raised and that question is a second time before us for determination. If the first opinion was manifestly wrong in holding the surety liable for the statutory penalty, as we believe it was, then the rule in *City of Hastings v. Foxworthy, supra*, should obtain and the correct rule of law should now govern.

We recommend that the judgment be reversed and the action dismissed against the United States Fidelity & Guaranty Company, so far as judgment is sought against it for the statutory penalty of $50.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the action dismissed against the United States Fidelity & Guaranty Company, so far as judgment is sought against it for the statutory penalty of $50.

REVERSED.

LETTON, J., not sitting.