# BROOKS ET AL. vs. THE GOVERNOR, USE &c.

1. To authorise a recovery against the securities of a Clerk for a breach of the condition of his official bond, the plaintiff must show not only the breach, but an injury or damage resulting to him therefrom.
2. The securities of a Clerk of the County Court are not liable for the penalty imposed by the statute on their principal, for issuing a license to marry a female under the age of eighteen, without the consent of her parent or guardian.

Error to the Circuit Court of Pike. Tried before the Hon. Thos. A. Walker.

BUFORD, for the plaintiffs in error:

1. Sureties are not liable for a penalty, nor for the tort or trespass of their principal.

2. If sureties are liable for damages resulting from such wrong as is alleged,—the pleadings must precisely show, that some damage, appreciable by the law, has arisen. Because Lawrence recovered in an action to which plaintiffs in error were no parties, it does not follow that he was damnified, nor that he had a right to recover. It is to be intended that he sued for a common law injury, it not being avered that he sued in *qui tam;* but if such may be infered, sureties are liable, if liable at all, only for the real damage, and not for the amount of the *qui tam* recovery.

W. B. Moss, for the defendant:

1. Sureties are liable for a tort or malfeasance of their principal, when the act complained of includes an omission to perform some duty imposed by law.—2 Ala. 728.

2. Issuing a marriage license for minors, without parent's consent, is a malfeasance, but includes the omission to perform the precautionary duties imposed by law.—Clay's Dig. 363; 5 Ala. 357; 14 ib. 170.

3. But the statute makes the clerk liable *on his bond* for " any malfeasance" alone—(Dig. 143)—and where the principal is liable, the sureties are liable also.—Dig. 143, § 2.

4. The bond is conditioned that Loe shall well and truly perform all the duties required of him by law. The law requires the clerk, in granting license for the marriage of an infant, to have the parent's consent personally given, or a proved certificate thereof. Omitting this is a breach of the condition of his bond.—Clay's Dig. 143-373; 5 Ala. 357; 14 ib. 179; 7 S. & Mar. Rep. 641.

5. The statute in fixing the penalty has only assessed the damage which the jury shall give, and pointed out a peculiar remedy in the first instance, but without impairing the plaintiff's right, or the obligation of defendant's contract.

6. Public policy requires that the sureties should be held liable, as the statute in question is designed to remedy the evil of improper marriages, and if sureties are not liable, the act in most cases would be ineffectual, as the insolvency of the clerk would render him independent of the law.

7. Admitting that the alleged issuance of the license is not a sufficient ground of liability on the part of the sureties, yet the

clerk's failure to pay the judgment recovered is of itself a breach of the bond, and the measure of damages is the extent of the judgment against the clerk which he has failed to pay.

PARSONS, J.—The material facts contained in each count of the declaration are these: Jesse W. Loe, being elected clerk of the County Court of Pike, gave bond, with sureties, payable to the Governor, with condition that he should well and truly perform all such duties as are or might be required of him by law, during the time he was clerk. He afterwards issued a marriage license, authorising the marriage of William H. Redman and Mary Ann Lawrence, who was then a minor under eighteen years of age, without the consent of the father of Mary Ann personally given, or without the proof of his consent required by the statute. For this act of the clerk, Robert Lawrence, the father, instituted a suit under the statute, and recovered the penalty given thereby—to-wit, five hundred dollars. Execution was issued on the judgment and returned no property. This suit was then brought on the bond against his securities, and the foregoing facts were assigned as a breach of the condition. The defendants demurred, but the court held that the securities were liable and overruled the demurrer.

We do not think it would aid us, in coming to a conclusion upon the question raised by the demurrer, to examine whether the act of the clerk in issuing the marriage license, without the consent of the father of the young lady, was a misfeasance or a malfeasance, or whether the securities of the clerk could in any case be charged upon their bond for a malfeasance of the clerk, which did not include within itself either a misfeasance or a non-feasance in the performance of some duty required of him by law; for we take it to be clear, that the securities of the clerk could not be held liable, either for a misfeasance or a non-feasance in the discharge of his duties, unless such misfeasance or non-feasance was productive of some damage or injury to the party putting the bond in suit. The plaintiff must not only show a violation of a duty, which the law enjoins on the clerk, but he must also show some damage or injury resulting directly to him therefrom; otherwise he cannot recover. Testing this declaration by this rule, we think it clearly bad. The statute requires that if the male intending to marry be under the age of twenty-

✳

Brooks et al. v. The Governor, use &c.

one, or the female under the age of eighteen, the consent of the the parent or guardian of such infant shall be personally given before the register, or due proof made to him by the oath of at least one credible witness, that such parent or guardian did sign a certificate then produced, giving his consent to the celebration of such marriage.—Clay's Dig. 373. The act then provides, " That if any register shall issue a marriage license without the requisites before prescribed, such register shall for each offence forfeit and pay five hundred dollars, recoverable by action of debt in any court having cognizance thereof, one half to the use of the State, the other half to the use of the party suing for the same." The five hundred dollars here given is clearly a penalty, for which any one may sue, but it cannot be said that the act of the clerk, which subjects him to this penalty, was in law an injury or a damage to any one, at the time of doing the act; consequently, no one could then have sued on the bond, for in legal contemplation no individual was then injured, but the clerk had merely subjected himself to a penalty, which could be recovered by any one, who would sue for it in the manner prescribed by the act. The condition of the bond not being then broken, it could not be by the recovery of judgment, and the failure to pay. The penalty is given against the clerk alone, and the statute does not subject his securities to its payment.— We, therefore, cannot do it. The argument, that public policy requires that the securities of the clerk or register should be held liable, may be true, but it is for the Legislature, not the courts, to subject them to such liability. We can only enforce those liabilities, to which the law subjects them.

Let the judgment be reversed and the cause remanded.