## FLOYD vs. HAMILTON.

[ACTION ON ATTACHMENT BOND.]

33 235
143 422

1. *Admissibility of attorney's declarations.*—In an action on an attachment bond, the instructions of the attorney of the plaintiff in attachment, to the deputy sheriff by whom the writ was levied, " that he might leave the property as he found it until the sheriff came, but to stay there and watch it," are not admissible evidence for the defendant.

2. *Admissibility of evidence showing debtor's pecuniary condition.*—In such action, the defendant cannot be permitted to prove that the plaintiff, when the attachment was sued out against him, was embarrassed in his pecuniary affairs and pressed for money, unless the relevancy of the evidence is shown by its connection with some question of fraud.

3. *Calling for question and answer when hearsay.*—The fact that a party, in examining a witness, calls for a question propounded by the witness to a third person, gives him no right to call for the reply, which is mere hearsay.

4. *Damages.*—In an action on an attachment bond, if the attachment was only wrongfully sued out, the plaintiff is entitled to recover the damage actually sustained, which does not include the injury to his wounded feelings ; but, if sued out wrongfully and vexatiously, he is entitled also to recover vindictive damages.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Andrew J. Floyd, against John T. Hamilton and others, and was founded on an attachment bond executed by the defendants, for the purpose of procuring an attachment at the suit of said Hamilton against the estate of said Floyd, conditioned that "the said Hamilton shall prosecute his attachment to effect, and pay the defendant all such costs and damages as he may sustain by the wrongful or vexatious suing out of said attachment." On the trial, the plaintiff reserved several exceptions to the rulings of the court on the evidence, and in the instructions to the jury ; all of which are now assigned as error, and which will be sufficiently understood from the opinion of the court.

ELMORE & YANCEY, for the appellant.
WATTS, JUDGE & JACKSON, *contra.*

WALKER, J.—The circuit court erred, in admitting evidence of the instructions of the attorney of the plaintiff in attachment, to the deputy sheriff, "that he might leave the property levied on as he found it until the sheriff came, but to stay there and watch the property." These instructions were but the declarations of a third person, and inadmissible to establish any fact in the case. They may have conduced to show the absence of malice in the attorney, who represented the plaintiff in attachment, in the procurement of the process; but the plaintiff in attachment was not responsible for the malice of his attorney, and cannot be relieved by the want of malice in his attorney.—Kirksey v. Jones, 7 Ala. 622–629.

[2.] There were, also, errors committed in the admission of evidence, that the plaintiff in this suit (the defendant in attachment) was embarrassed in his pecuniary matters, and that he was pressed for money. Neither indebtedness, pecuniary embarrassment, nor insolvency is a ground for the obtainment of an attachment. Nor can either justify a wrongful suing out of an attachment, or mitigate the offense of malice in obtaining it. If there were any circumstances, which could make such facts relevant, it was incumbent on the party offering the evidence to show that such connection would be made. If the party designed to raise any question of fraud in a conveyance made or about to be made, which would be affected by the testimony, he should have shown to the court, or offered to show, that the defendant in attachment had disposed, or was about to dispose of his property, so that it might appear that there was a question in the case to which the testimony was relevant.

[3.] There was no error in the rejection of the evidence, offered by the plaintiff, of the reply which his brother returned, when inquiry was made for the plaintiff. The plaintiff himself had called for the question propounded to his brother, and could not make his own act in calling for the question a legal ground upon which to ask for the reply, which was mere hearsay evidence, being the unsworn declaration of a third person.

[4.] There was no error in the giving or refusing of

charges. If the attachment was only wrongfully sued out, the plaintiff was entitled to recover the actual damage. If the attachment was vexatiously as well as wrongfully sued out, the plaintiff might also recover vindictive damages.—McCullough v. Walton, 11 Ala. 492; Kirksey v. Jones, 7 Ala. 622; Shepherd's Digest, 521. The injury to the wounded feelings of the plaintiff was not a part of the actual damage, and could only be regarded by the jury in estimating the damages in the event they found the attachment to have been vexatiously sued out.—Donnell v. Jones, 13 Ala. 490–509.

The judgment of the court below is reversed, and the cause remanded.