# Jeffreys v. Malone *et al.*

*Action against Sureties on Official Bond of Probate Judge to recover Statutory Penalty for issuing Marriage License to an Infant without Consent of Parents.*

1. *Probate judge; sureties on his official bond not liable for statutory penalty for issuing marriage license without parent's consent.*—The sureties on the official bond of a judge of probate are not liable for the payment of the penalty imposed upon the judge by statute (Code, § 2318), for issuing a marriage license to a minor, without the consent of the parent or guardian.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Jack J. Jeffreys against R. G. Malone and others, sureties on the official bond of James M. Jordan, as probate judge of Franklin county. The complaint, after alleging the execution of the bond by James M. Jordan, as probate judge of Franklin county, with the defendants as sureties thereon, which was conditioned for the faithful "discharge of the duties of such office during the time he continues therein or discharges any of the duties thereof," further alleged that the condition of said bond had been broken by the defendants in this: "The said James M. Jordan while discharging the duties of the office of judge of probate of said Franklin county, and acting under said bond, did, on the 22d day of September, 1892, and in violation of his duty as such probate judge, issue a license for the marriage of plaintiff's daughter, Lucy J. Jeffreys, a female, to one Jesse Bradford, a male, the said Lucy Jeffreys being at the time a minor under the age of eighteen years. Said license was issued without the

[Jeffreys v. Malone *et al.*]

consent of her parents, and under said license said Lucy
J. Jeffreys was married to Jesse Bradford. And plain-
tiff avers that he instituted suit against the said James
M. Jordan on the 23d day of February, 1893, in the
circuit court of Colbert county, Alabama, the then place
of said James M. Jordan's residence, and recovered of
him a judgment for ($200) two hundred dollars damages
and eight and 10-100 dollars costs of suit, under section
2318 of the Code of Alabama, and that no part of said
judgment has been paid, to the damage of the plaintiff
as above stated." The defendants demurred to this
complaint, on several grounds, among which was the
following: "That the plaintiff fails in his said com-
plaint to allege any act or omission by said Jordan as
judge of probate, which constitutes a breach of said
official bond sued upon in this cause." The court sus-
tained this demurrer, as well as others, and the plaintiff
declining to amend his complaint, judgment was ren-
dered for the defendants. The plaintiff appeals, and
assigns as error the sustaining of the defendants' de-
murrers to the complaint, and the rendering of judg-
ment for the defendants.

KIRK, ALMON & RATHER, for appellant.—1. A pro-
bate judge is liable on his bond for his failure to dis-
charge any ministerial duty imposed by statute.—*Eslava
v. Jones*, 83 Ala. 140.

2. It is well settled that where the law imposes upon
a public officer the performance of a ministerial duty in
which a private individual has a special interest, the
officer will be liable to such individual for any injury
which he may proximately sustain in consequence of the
failure or neglect of the officer to perform the duty at
all, or to perform it improperly.—Mechem on Public
Officers, §§ 664–5; *Adsit v. Brady*, 40 Amer. Dec. 305;
*Wilson v. Mayor &c.*, 43 Amer. Dec. 719; *Rivers v. City
Council*, 38 Am. Rep. 789.

3. It is insisted by the defendants that they are not
liable because the judgment recovered against Jordan
was under the penal statute. Justice Cooley, in his
opinion in the case of *Raynsford v. Phelps*, 38 Amer. Rep.
190, speaking of the rights to recover in such cases,
says: "It is immaterial that the duty imposed is one
primarily imposed on public grounds; the right of action

springs from the fact that the private individual received a special and peculiar injury from the neglect in performance which was in part the purpose of the law to protect him against. It is also immaterial that a failure in performance is made by the law a penal offense."— *Hayes v. Porter*, 22 M. C. 371.

KEY & HESTER, *contra*.— The defendants are not liable for the wrongfully issuing of license for the marriage of a minor by the judge of probate, in violation of the section 2315 of the Code of 1886.

1st. Because the liability is statutory in derogation of the common law. By construction the remedy or liability can not be extended beyond the terms of the statute.—*Dudley v. Chilton Co.*, 66 Ala. 599; *Given v. Barton*, 12 U. S. 321 (6 How.)

2d. The statute under which this action was brought is highly penal and must be strictly construed. The penalty is pronounced against the judge of probate, and does not mention the bondsmen.—*Grooms v. Hannon*, 59 Ala. 510; *Fairley v. Davis*, 16 Ala. 375; *Blake v. Melin*, 26 U. S. 563; *Tiffany v. Nat. Bank*, 21 U. S. 862.

3d. The bondsmen are liable only in a compensatory way, for any wrongful act of the judge of probate, and not for the penalties imposed.—Code, § 783; 2 Amer. & Eng. Encyc. of Law, 467 and note 4.

4th. The bondsmen may be liable for the damage actually sustained by the wrongfully issuing of the license by the judge of probate in a common law action on the bond, alleged and proved, but not for the penalty.— Code, § 783; *State v. Lott*, 69 Ala. 153.

5th. The statute imposing a forfeiture on a judge of probate, (Code, § 2315), of two hundred dollars, does not give parent or guardian any right to this sum by way of satisfaction for the injury sustained, but it is imposed as a punishment upon the wrong-doer for his disobedience and is bestowed gratuitously as a matter of good policy upon the parent.—*McLin v. Wilson*, 21 Ala. 670; 1 Booier 677; 2 Booier, 399.

BRICKELL, C. J.—The record presents a single question: Whether the sureties on the official bond of the judge of probate, are liable for the penalty to which the judge is subject, if he issue a license for the mar-

riage of a minor, without the consent of the parent or guardian.—Code, § 2318. Under the statutes existing prior to the creation of the court of probate, the duty of issuing marriage licenses was devolved on the clerk of the orphans' or county court, as it was almost indifferently termed, the predecessor in jurisdiction of the court of probate. The statutes imposed on the clerk a penalty of five hundred dollars, recoverable by action of debt, one half for the use of the State, and the other half for the use of the party suing, if he issued a license for the marriage of an infant, without the consent of the parent or guardian.—Clay's Dig. 373, § 5. In *Brooks v. Governor*, 17 Ala. 806, under the precise state of facts averred in the complaint, it was decided that the sureties of the clerk were not liable for the statutory penalty, whether the act of the clerk was to be deemed malfeasance, non-feasance, or misfeasance in the performance of official duty. The reason of the decision was, that the act of the clerk was not productive of legal damage or injury; and for the act, the statute did not in terms fix liability on the sureties. An examination of the statutes will show that wherever it is intended to subject the sureties on official bonds to liability for mere penalties imposed on the principal for a dereliction of official duty, the legislative intent is expressed clearly. Numerous examples of such statutes will be found in Chapter 2, Part 3, Title 3, of the Code. As was said in the *Brooks' Case*, the statute giving the penalty against the judge alone, the courts cannot by construction, implication, or intendment, extend it so as to fix a liability on the sureties. In Murfree on Official Bonds, § 654, it is properly stated as the general rule of the common law, "that the obligation of a surety for the due discharge of his official duties by his principal, is that the surety will assume the damage that may result from a breach of the bond; it is not that the principal will respond to such fines and penalties for his misconduct, as may be prescribed by law, and awarded by judicial authority. The fine and penalty are punishment for neglect of duty, and may be imposed or incurred, irrespective of actual damage or loss suffered by any one." Without regard to the inquiry, whether any loss or damage accrues to the parent, or the guardian, or the minor, and without considering whether the bet-

[Moulthrop & Stevens v. Hyett & Smith.]

ter interests of the minor may not be advanced by the intended marriage, the statute subjects the judge to the payment of a fixed sum. The sum is a penalty, and is imposed as a punishment for the non-observance of official duty. There is in it no element of compensation to the minor, or to the parent, or to the guardian, for loss or injury sustained.

The rulings of the circuit court are free from error, and the judgment must be affirmed.