# Central of Georgia Ry. Co. v. Thomas.

*Injury to Stock.*

(Decided May 9, 1911.  55 South. 443.)

1. *Railroads; Injuries to Stock; Proof.*—Under the complaint in this case proof of the participation by the company in the injury is not required, but its averments may be sustained by proof of negligence of the employees of the company.

2. *Same; Pleading; Variance.*—Where the complaint alleged that the injury occurred between to-wit the 42nd and 43d mile post, there

[Central of Georgia Railway Co. v. Thomas.]

was not a necessary variance created by proof that it occurred three miles east of a certain station.

3. *Same; Negligence.*—In this case, it was proper to refuse to direct a verdict for the defendant on the theory that the engineer did not negligently fail to maintain a proper lookout.

4. *Same; Instructions.*—An instruction ignoring evidence of the engineer's negligence was properly refused in this case.

5. *Pleading; Evidence; Conformity.*—Where it is unnecessary to allege with certainty the place at which some fact happened, such as injury to stock by railroad train, the place of the occurrence need not be proved precisely as laid.

APPEAL from Bullock Circuit Court.

Heard before Hon. M. SOLLIE.

Action by Algy Thomas against the Central of Georgia Railway Company for damage to stock. Judgment for plaintiff and defendant appeals. Affirmed.

G. L. COMER, for appellant. The negligence is attributed to the defendant corporation, and there was no proof of its participation in the damnifying act and the defendant was entitled to the affirmative charge on this theory.—*C. of G. v. Freeman,* 140 Ala. 581. There was a variance between the allegation and the proof as to the place of the injury, and hence, the defendant was entitled to the affirmative charge.—*H. A. & B. v. Maddox,* 100 Ala. 618; *C. of G. v. Simon,* 150 Ala. 400; *T. C. I. & R. R. Co. v. George,* 161 Ala. 421. Under the evidence in this case the injury was unavoidable.—*A. G. S. v. Jones,* 71 Ala. 487; *A. G. S. v. McAlpine,* 75 Ala. 113; *N. C. & S. L. v. Hembree,* 85 Ala. 481; *C. of G. v. Stark,* 126 Ala. 365; *So. Ry. v. Reeves,* 129 Ala. 457. Under these authorities it is insisted that the court erred in refusing the other special instructions requested by the defendant.

ERNEST L. BLUE, for appellee. No brief came to the Reporter.

WALKER, P. J.—By the complaint in this case the plaintiff claims damages of the defendant "for the negligent killing or injuring of one ox, the property of the plaintiff, by a locomotive or train of cars of the defendant between, to wit, the forty-second and forty-third mileposts," etc. We do not think that by this averment the injury complained of is ascribed by the plaintiff to force directly and immediately applied by the defendant. To sustain the averment proof of actual participation on the part of the defendant corporation was not essential, as it was under the averment of willfulness made in the complaint in the case of *Central of Georgia Railway Company v. Freeman,* 140 Ala. 581, 37 South. 387. The averment as quoted would as well be sustained by proof that the ox was killed or injured as a result of the negligent operation of the train by an employee of the defendant, without proof of actual participation by the defendant corporation in the injurious act or default. The plaintiff did not by the averments of his complaint assume the burden of proving participation by the defendant itself in the injuring or killing of the ox.

It is contended that, under the evidence, plaintiff was not entitled to recover because there was no proof that the killing or injury occurred between the forty-second and forty-third mileposts, as alleged in the complaint. The court is not prepared to affirm that in this matter there was a variance between the allegation and the proof. The location of the occurrence was described by the witness without any mention being made of mileposts. For anything that appears in the testimony, it may have been a matter of local notoriety that the place mentioned by the witness—about three miles east of Union Springs, was between the forty-second and forty-third mileposts. At any rate it did not appear that the location shown by the proof was not the loca-

tion alleged. It is to be noted that the averment as to location is under a videlicit. "Where the matters alleged under a videlicit are not essential in their nature, the party is not, as a rule, bound to prove them."—19 Ency. of Pl. & Pr. 257. Even if the difference between the allegation and the proof as to the location of the occurrence should be regarded as amounting to a variance, yet the variance was not a material one. When it is not necessary to allege with certainty the local description of a place in which some fact happened or some act was done, the occurrence of the act at the precise place described need not be proved.—19 Ency. of Pl. & Pr. 588. An allegation as to place may be material or immaterial, depending upon what constitutes the breach of duty complained of. This proposition is illustrated in two Alabama cases, in each of which the court regarded the allegation as to place as material. —*North Birmingham Street Railway Co. v. Calderwood*, 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105;*Highland Avenue & Belt R. R. Co. v. Maddox*, 100 Ala. 618, 13 South. 615. In the first-mentioned case, the alleged negligence of the defendant was the failure of the engineer of the train to stop a sufficient length of time to enable the plaintiff to safely alight from the *west* side of Twentieth street, where trains were accustomed to stop to deliver passengers. The defendant asked a charge instructing the jury that, if they believed from the evidence that the damage complained of was received on the *east* side of said street, then, under the allegations of the complaint, the jury must find for the defendant; in other words, that there would be a fatal variance between the allegations and the proof. The court held that, under the facts of that case, the place of stopping was material, and that the refusal of the charge was error, as, under the municipal ordinance governing the

operation of the train in question, its lawful stopping place was on the *west* side of Twentieth street, the place named in the complaint. In the other case cited, the action was to recover damages for injuries to plaintiff's horse and wagon, by a collision with an engine on the line of defendant's road, the complaint alleging that the injury occurred in the city of Birmingham, while the evidence showed that it did not occur in the city of Birmingham. One of the several grounds upon which the court rested its conclusion that plaintiff was not entitled to recover was that there was a fatal variance between the complaint and the proof. The statute (Code 1907, § 5473) imposes the duty of blowing the whistle or ringing the bell, at short intervals, on entering into, or while moving within, or passing through any village, town, or city. Elsewhere the failure to give such warnings may not constitute negligence. In that case the duty of the defendant as to the mode of operating its train was different at the place indicated by the proof from what it was in the place averred in the complaint. In each of these cases the particular location of the occurrence as alleged had some bearing upon the duty of the defendant in the premises. Not so in the case at bar. In this case it was not incumbent on plaintiff to specify the exact location of the occurrence complained of; and the failure to prove that the injury happened at the exact location alleged did not constitute a fatal insufficiency of proof.

The testimony of the engineer tended to show that his failure to discover the peril of the animal in time to avoid injuring it was not attributable to his negligent failure to maintain a lookout ahead, but was owing to his attention being diverted to the performance of the necessary duty of examining and fixing the gauge cocks of his engine until it was too late to avoid striking the

animal. But in some material respects, the testimony of the engineer was not in harmony with the version of the occurrence given by other witnesses, and there was evidence tending to show that if a proper lookout ahead had been maintained the presence of the animal on the track would have been discovered in ample time to avoid the injury. There was no error in the refusal of the general affirmative charge requested by the defendant.

The special written charge requested by the defendant ignored the evidence in the case, tending to show that by the exercise of due care on the part of the engineer the presence of the animal on the track could have been discovered before the attention of the engineer was diverted by the necessity of examining the gauge cock of the engine; and that charge was properly refused.

Affirmed.