# Louisville & Nashville Railroad Company *v*. Penick.

*Damage for Injury to Passenger.*

(Decided June 12, 1913.   62 South. 965.)

1. *Appeal and Error; Harmless Error; Instructions.*—It is harmless error to refuse instructions that if the minds of the jury are in a state of confusion or uncertainty, they should find for the defendant.

2. *Carriers; Passengers; Action; Variance.*—Where the action was by a passenger against the carrier for a wongful ejection, alleging that at the time the train was in motion, such allegation was one merely in aggravation of damages, not material to the cause of action, and proof that the train was *not in motion*, does *not* constitute a material variance.

3. *Same; Instructions.*—Where the evidence tended to show that in ejecting the passenger the conductor said to her she was too damn slow, and that if they killed her they would pay for her, a charge asserting that the jury could not award plaintiff any damages for the abusive language used by the conductor, was properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Mary Penick against the Louisville & Nashville Railroad Company.   Judgment for the plaintiff, and defendant appeals.   Affirmed.

The following charges were refused to defendant:

"(1) The court charges the jury that you cannot award plaintiff any damages in this action for any abusive, violent, or insulting language by defendant's conductor.

"(2) The court charges the jury that if, after a full and fair consideration of the evidence in this case, your minds are in a state of uncertainty or confusion as to whether the plaintiff is entitled to recover, you should find for defendant.

[Louisville & Nashville Railroad Co. v. Penick.]

"(3) The court charges the jury that unless you believe from the evidence that when plaintiff was getting off the accommodation train, the train was moving, you cannot find for the plaintiff under counts 1 and 2 of the complaint."

"(9) The burden rests upon the plaintiff in this case to reasonably satisfy your mind from the evidence that, on the occasion she complains of, she was ejected from defendant's train while it was in motion, or that the defendant's porter or conductor in the presence of the plaintiff used violent, abusive, or insulting language, and drew a pistol and threatened violence, and, unless the jury is reasonably so satisfied from the evidence, you should return a verdict for defendant."

The complaint consisted of two counts, both of which alleged the relation of carrier and passenger for hire, that plaintiff's destination was from Birmingham to Montgomery, that she had procured passage and paid for same between the two points, and that she was ejected from said train in Birmingham. The first count alleges the injuries to have been the proximate consequence of the negligence of the defendant. The second count alleges, in addition to those things alleged in the first count, the further fact that defendant's servants or agents, acting within the line and scope of their authority as such, wrongfully and with force or violence ejected plaintiff from said train while the same was in motion. A third count was added, alleging damages by reason of the use of violent, abusive, or insulting language by the servants of the defendant in the presence of the plaintiff, and threatened violence by the drawing of the pistol.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The court erred in refusing charge

2:—*B. R. L. & P. Co. v. Saxon,* 59 South. 584. Defendant was entitled to a charge under counts 1 and 2, that unless the train was in motion when plaintiff was put off, she was not entitled to recover.—*So. Ry. v. Hundley,* 151 Ala. 379; *B. R. & E. Co. v. Brennon,* 132 Ala. 431. Counsel discuss other charges refused, but without further citation of authority.

HARSH, BEDDOW & FITTS, for appellee. The refusal of such a charge as charge 2 is not grounds for reversal.—*B. R. L. & P. Co. v. Atkins,* 62 South. 367; *B. R. L. & P. Co. v. Elam* in MSS. There was no variance. *A. G. S. v. McFarland,* 56 South. 990; *B. R. L. & P. Co. v. Glenn,* 60 South. 111; *K. C. M. & B. v. Matthews,* 142 Ala. 300; *C. of Ga. v. Thomas,* 1 Ala. App. 268. Damages were recoverable for the abusive language used.—*B. R. L. & P. Co. v. Coleman, in MSS; B. R. L. & P. Co. v. Glenn, supra.*

WALKER, P. J.—The court's refusal to give written charge 2, requested by the defendant, is not a ground of reversal.—*Alabama Great So. R. Co. v. Robinson* (Sup.) 62 South. 813.

The breach of duty complained of in the first count of the complaint was the alleged unwarranted ejection of the plaintiff from the train upon which she was a passenger before its arrival at the destination to which her fare had been paid, and to which she had acquired the right to be carried on that train. In stating the consequences of the alleged ejection it was averred that, "said train being in motion when plaintiff was ejected, she was thrown or caused to fall, was greatly jolted, jarred," etc. It is contended that she could not have been entitled to recover under the count in question unless it was found from the evidence that the train was

in motion when the ejection occurred, and that therefore the court was in error in refusing to give written charge 3, requested by the defendant. This contention cannot be sustained. Though proof of an ejection after the train stopped was variant from the allegation above quoted, the variance was not a material one. The substantial thing complained of was a wrongful ejection of the plaintiff from a train upon which she was entitled to remain until her destination had been reached. The other averments of the count showed a case of a wrongful ejection, conferring upon the plaintiff a right of action, whether or not it occurred while the train was in motion. A failure to prove that it was in motion at the time plaintiff was ejected was not a failure to prove a material feature of the alleged occurrence, considered as a breach of duty owing by the defendant to the plaintiff as a passenger. The above-quoted allegation was of matter of aggravation going to the question of the damages to which the plaintiff was entitled, but was not of material matter of description of the wrongful conduct complained of; and, to entitle the plaintiff to recover under the first count of the complaint, no more was required of her than to sustain by proof its material averments.—*Southern Ry. Co. v. Lee,* 167 Ala. 268, 52 South. 648; *Alabama Great Southern R. Co. v. McFarlin,* 174 Ala. 637, 56 South 989; *Central of Georgia Ry. Co. v. Thomas,* 1 Ala. App. 267, 55 South. 443. From this conclusion it follows that the court was not in error in refusing to give written charges 3 and 9, requested by the defendant.

In view of the testimony as to the conductor saying to the plaintiff while she was being ejected from the train that she was "too damned slow," and that if they killed her they would pay for her, there is little merit in the claim that there was an absence of any evidence

36 CA

to support an award of damages for abusive or violent language used by the conductor. Written charge 1, requested by the defendant, was properly refused.—*Birmingham Railway, Light & Power Co. v. Coleman* (Sup.) 61 South. 890; *Birmingham Ry., L. & P. Co. v. Glenn* (Sup.) 60 South. 111; *Snedecor v. Pope,* 143 Ala. 275, 39 South. 318.

What has been said above disposes of the rulings which have been assigned as errors.

Affirmed.

## *Damage for Injury to Passenger.*

