# Ewton, *et al. v.* McCracken.

## *Trespass.*

(Decided December 16, 1913.   64 South. 177.)

1. *Parties; Misnomer; Amendment.*—Under section 5367, Code 1907, it was not improper to permit a complaint to be amended correcting the christian name of plaintiff so as to read Georgia instead of George, especially where the christian name was correctly stated in the summons.

2. *Appeal and Error; Record; Contents.*—Where the bill of exceptions does not disclose any ruling on a motion to exclude testimony, or any exception, the propriety of such ruling cannot be reviewed on appeal.

3. *Same; Review; Assignment of Error.*—Rulings of the court not assigned as error are not reviewable on appeal.

[Ewton, et al. v. McCracken.]

4. *Charge of Court; Applicability to Evidence.*—Charges based on hypotheses contrary to the evidence of the party requesting them are properly refused.

5. *Same; Applicability to Pleading.*—A charge misstating the allegations of the pleading is properly refused.

6. *Sheriffs and Constables; Wrongful Levy; Evidence.*—Where the action is trespass against a constable for the seizure of plaintiff's household effects on execution against another person, evidence that some of the furniture was broken and that some of it never got back will support a finding that this was due to the intentional neglect or misconduct of the levying officer, in the absence of explanation.

7. *Same; Proof; Variance.*—Where the action was trespass against a constable for seizure of plaintiff's household goods under an execution against a third person, proof that the writ was issued in the case of Fisher against G. B. McCracken is not a fatal variance from the allegation that the writ was issued in the case of Fisher v. C. B. McCracken, as the identity of the execution defendant was immaterial.

8. *Same; Punitive Damages.*—Punitive damages may be awarded where household furniture, wrongfully taken under a writ directed against another person, is intentionally damaged by the attaching officer.

9. *Same; Instructions.*—Where the action was trespass against a constable for seizing plaintiff's property under an execution against a third person, a charge that if the constable in making the levy believed that he was doing his duty, and that he was not actuated by malice, but merely by a desire to perform his duties, the verdict should be for defendant, was confusing and calculated to lead the jury to a consideration of the constable's belief, and was properly refused.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Trespass by Georgia C. McCracken against C. J. Ewton and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The action was against the defendant Ewton and the sureties on his bond as constable for levying upon and taking away a lot of household goods alleged to belong to plaintiff, under an execution issued against her husband. The summons shows that the suit was by Georgia C. McCracken, and the amendment allowed was in changing the word "George" in the complaint to "Georgia." The motion to exclude the evidence of plaintiff was based on the same ground, and because of a vari-

[Ewton, et al. v. McCracken.]

ance. The following charges were refused to defendants:

"(E) If the jury believe that defendant had already attached and was in possession of the goods before the plaintiff claimed them, then there can be no recovery of exemplary or punitive damages in this case."

"(3) The court charges the jury that if they believe from the evidence that defendant in making the levy believed that he was performing his duty as constable, and that in making the levy he was not in any way actuated by malice, but merely by the desire to perform his duty as constable, then they should find for defendant."

"(B) The court charges the jury that the complaint does not claim for withholding the property, and there can be no damages on that account. The other assignments of error have reference to the refusal of charges similar to those set out."

CLARKE & BROWN, and WEBB & MCALPINE, for appellant. Plaintiff was incompetent to testify to the rental value, and the court was in error in not excluding her testimony. The court erred in permitting complaint to be amended to show that plaintiff's name was Georgia instead of George.—*Vinegar B. L. Co. v. Chicago T. & T. Co.*, 131 Ala. 411; *Rarden Merc. Co. v. Whitehead*, 145 Ala. 617; *Steiner Bros. v. Stewart*, 134 Ala. 568, and cases cited. On these same authorities, the complaint should have been stricken. The measure of damages was the same as if the suit had been for a conversion.—*Cheney v. Burford Co.*, 132 Ala. 315; *N. C. & St. L. v. Karthaus*, 150 Ala. 633; *McGowan v. Lynch*, 44 South. 574; *Fields v. Williams*, 91 Ala. 502. There was no right of recovery of punitive damages.—*Pollack v. Gantt*, 69 Ala. 373; *Sloss v. Rovelsky*, 107 Ala. 596; *Hamilton v. Maxwell*,

119 Ala. 23; s. c. 133 Ala. 233. On these authorities, and those cited above, the charges requested should have been given. There was a variance between the pleading and proof, and the court should have given the affirmative charge.—*T. C. I. & R. R. Co. v. George,* 161 Ala. 421.

JOSEPH I. CLEMMONS, for appellee. The complaint sufficiently charged trespass to personalty.—38 Cyc. 998. Subsequent abuse of authority renders the doer a trespasser ab initio.—38 Cyc. 1000. Under the complaint compensatory, as well as punitive damages may be recovered.—*Mattingly v. Houston,* 52 South. 78; 38 Cyc. 1084. The intention or motive entering into an action of trespass is immaterial as affecting liability.— *Pruett v. Ellington,* 59 Ala. 454; 38 Cyc. 1002, 1003. Plaintiff was entitled to punitive damages under the facts.—*Snedecor v. Pope,* 143 Ala. 275; *Garrett v. Sewell,* 108 Ala. 521; *Coleman v. Pepper,* 159 Ala. 310; *W. U. T. Co. v. Dickens,* 148 Ala. 480; *L. & N. v. Smith,* 141 Ala. 335; *Burns v. Campbell,* 71 Ala. 271. The amendment was properly allowed.—Sec. 5367, Code 1907; *Tapscot v. Gibson,* 129 Ala. 503; 70 Ala. 499; 51 Ala. 325; 82 Ala. 391. Under these authorities, it is evident that the court was not in error in any of its rulings, and that the cause should be affirmed.

WALKER, P. J.—The court did not err in permitting the complaint to be amended by correcting the Christian name of the plaintiff.—Code, § 5367; *Beggs & Son v. Wellman,* 82 Ala. 391, 2 South. 877. The claim that by the amendment a different party plaintiff was substituted for the original one is notably without merit, in view of the fact that in the original summons in the case, which, so far as the record indicates, remained unchanged, the name of the plaintiff was stated identically as it was in the complaint as amended.

The record does not present for review any action of the court on the motion of the defendants to exclude the testimony of the plaintiff as to the rental value of the property alleged to have been seized. The bill of exceptions does not show that the court ruled on that motion, or that there was any exception to such a ruling.

The ruling of the court on the objection by the defendants to a question to the plaintiff as to the rental value of the property will not be considered, as that ruling has not been assigned as an error.

In its oral charge the court stated to the jury that "for any intentional loss or lack of care punitive damages may be awarded." As applicable to the evidence in the case this instruction was not erroneous. There was evidence tending to prove that some of the furniture of the plaintiff which was taken under a writ against her husband was broken, and that some of it she never got back. In the absence of explanation of these wrongs it was permissible to find that they were due to intentional misconduct of the levying officer. If so, punitive damages could be awarded for a trespass, accompanied by such features of intentional injury.—*Burns v. Campbell*, 71 Ala. 271; 38 Cyc. 1142.

It is urged that the general affirmative charge requested by the defendants should have been given because of a variance between the allegations of the complaint and the evidence offered in support of them. The variance pointed out is that the breach of the constable's bond sued on which is alleged in the complaint is his act in levying upon and taking away the plaintiff's personal property under a writ issued on a judgment of a justice of the peace in the case of *G. B. Fisher v. "C." B. McCracken,* while the evidence offered was as to a seizure of the plaintiff's property under a writ issued on such a judgment rendered in the case of *G. B. Fisher v. "G." B. McCracken.* We are not of opinion that the variance

was a material one. The substance of the wrong charged in the complaint was the levying upon and taking away of the plaintiff's property under process not against her, but against some one else. The identity of the defedant in the suit in which that process was issued against some one not the plaintiff in this suit was not a fact which was a material or essential feature of the wrong of which the plaintiff claimed. So far as the existence of that wrong was concerned it was immaterial whether the defendant in the suit referred to was "C." B. McCracken or "G." B. McCracken. A writ against a defendant described by either of these names was not leviable upon the property of the plaintiff. The conclusion is that the evidence offered was not variant from the allegation in any such essential particular as to require the giving of the general affirmative charge requested by the defendants.—*Alabama Great Southern Ry. Co. v. McFarlin,* 174 Ala. 637, 56 South. 989; *Louisville & N. R. Co. v. Penick,* 62 South. 965; *Central of Georgia Ry. Co. v. Thomas,* 1 Ala. App. 267, 55 South. 443.

The court was justified in refusing to give charge E, requested by the defendants, because, by evidence offered by the defendants themselves, and which was not contradicted, it was shown that the plaintiff had claimed the property referred to before the levy complained of was made.

Charge 3, requested by the defendant, was so expressed as to assert, or at any rate to be understood as asserting, that the jury should find for the defendants if they believed from the evidence that the constable in making the levy believed that he was performing his duty as constable, and that he, the constable, not the jury, believed that he was not actuated by malice, although he was, but merely by a desire to perform his duty. The charge as framed was confusing, and calcu-

[Murphy v. Coleman.]

lated to lead the jury to an immaterial inquiry as to the belief of the constable as to the presence or absence of malice in his conduct. These faults justified the court in refusing to give it.

The complaint, in claiming damages for the act of the constable in levying upon and taking away the described personal property of the plaintiff, rested her claim in part upon alleged conduct involving a withholding of her property. In view of these allegations it is apparent that charge B, requested by the defendants, is a misstatement as to the contents of the complaint. It follows that the court was not in error in refusing to give that charge.

What has been said above sufficiently indicates the grounds of the court's conclusion that none of the remaining assignments of error which have been sought to be supported by argument can be sustained.

We discover no error in the record entitling the appellants to a reversal.

Affirmed.