# Liverett v. Nashville, Chattanooga & St. L. Ry.

## Injury to Person on Track.

(Decided February 12, 1914. Rehearing denied April 23, 1914.
65 South. 54.)

1. *Railroads; Persons on Track; Willful and Wanton Negligence.*
—Knowledge on the part of the trainmen of such conditions as rendered it likely that some one would be upon the track at the point described, and exposed to danger in the absence of omitted precautions is the essence of wanton or willful injury, and a failure to aver such knowledge renders a complaint deficient.

2. *Same; Pleading; Discovered Peril.*—Where the complaint alleged that the railway company so negligently conducted its business that one of its trains ran over plaintiff's intestate, a plea that such intestate when injured was a trespasser on defendant's track is not defective for failing to allege that defendant made no effort to prevent the injury after discovering his position of peril; although the averments of the complaint are broad enough to cover subsequent negligence on the part of those in charge of the train, yet when it appears both in the complaint and the pleading that intestate was a trespasser the burden is on plaintiff to allege a failure of defendant's servants to use due diligence after discovering the position of intestate's peril.

3. *Same.*—Where the complaint alleged that intestate was killed while crossing the tracks of defendant railway, or while passing along the highway at a public crossing, a plea alleging that when he was injured, he was walking along the track, was standing on it, or sitting or lying down thereon, is good as a plea in the nature of the general issue.

4. *Same; Wanton Negligence.*—Where it did not appear that any considerable number of people passed at the crossing or at the little trail 200 feet away so that the presence of persons on the track could be anticipated, the servants of the railroad company are not guilty of wanton negligence for failure to take precautions.

5. *Same.*—Proof that a train was proceeding at a rate of from 30 to 35 miles per hour at a place where the presence of a person on the track was not to be anticipated, is not sufficient to show that those in charge of the train were guilty of willful or wanton negligence in running down the intestate.

6. *Same; Presumption of Negligence.*—Where plaintiff's intestate was run down by a train while on defendant's railway track a few hundred feet from a crossing, proof that the engineer did not discover his position of peril at all, rebuts the prima facie presumption of negligence raised by the provision of section 5473, Code 1907, and defendant is not liable as the only duty it owed intestate was not to injure him after discovering his position of peril.

7. *Same; Crossing Accident; Variance.*—Where the complaint alleged that plaintiff's intestate was killed while crossing defendant's

track "at or near" a certain public crossing, proof that he was killed at a point 200 feet distance therefrom constitutes a material variance, since the phrase "at or near" is used to fasten on defendant duties owed only with respect to that place.

8. *Pleadings; General Demurrer.*—A plea that plaintiff's intestate was a trespasser at the time and place when and where he was killed was sufficient as against a general demurrer, the action being for the wrongful death of intestate by being run down by a train on defendant's track.

9. *Appeal and Error; Harmless Error; Pleading.*—Where plaintiff had the full benefit of the issues sought to be presented under one count of the complaint, in other counts to which no demurrers was sustained, she was not prejudiced by the sustaining of the demurrer to the count in question.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Lola Liverett as administratrix against the Nashville, Chattanooga & St. Louis Railway, for damages for the wrongful death of her intestate caused by being run down by a train on defendant's railway. Judgment for defendant and plaintiff appeals. Affirmed.

McCORD & ORR, for appellant. The court erred in sustaining demurrers to the fourth count of the complaint. —*M. J. & K. C. v. Smith,* 153 Ala. 127; *Montg. St. Ry. v. Lewis,* 148 Ala. 134; *A. G. S. v. Guest,* 144 Ala. 373; *M. & C. v. Martin,* 117 Ala. 382. The court erred in overruling demurrers to the pleas filed to the counts in simple negligence.—*B. R. L. & P. v. Lee,* 153 Ala. 79; *Tenn. Co. v. Bridges,* 144 Ala. 229. It was a question for the jury whether or not under the evidence the conduct of the engineer was wanton, willful or intentional. *Foshee's Case,* 125 Ala. 199; *Orr's Case,* 121 Ala. 489; *B. R. L. & P. v. Landrum,* 153 Ala. 192, and authorities supra. It is negligence per se to run an engine as the evidence disclosed this was done.—*Wes. Ry. v. Mitchell,* 148 Ala. 35; *B. R. L. & P. v. Fox,* 167 Ala. 284. Counsel discuss other assignments of error, but without further citation of authority.

SPRAGINS & SPEAKE, and STREET, ISBELL & BRADFORD, for appellee. The court properly sustained demurrers to count 4.—*L. & N. v. Banks,* 132 Ala. 471; *C. of Ga. v. Foshee,* 125 Ala. 199; *So. Ry. v. Bush,* 122 Ala. 470; *M. & C. v. Martin,* 117 Ala. 367; *G. P. Ry. Co. v. Lee,* 92 Ala. 262. The effect of the court's rulings on the pleadings was to hold that counts 2 and 5 charged wantonness, and hence, any error as to count 4 was without injury. .Most of the demurrers filed to the pleas were general, and properly overruled on that account.—§ 5340, Code 1907, and cases cited. The demurrers pointing out defects to the pleas were properly overruled.— *Foshee's Case, supra; Brown v. St. L. & S. F. R. R. Co.,* 171 Ala. 315. The objections to evidence were all general, and hence, properly overruled.—*B. R. L. & P. Co. v. Landrum,* 153 Ala. 192; *L. & N. v. Bank, supra.* The court properly gave the affirmative charge as to the wanton count.—*Carlisle v. A. G. S.,* 166 Ala. 591; *Johnson v. B. R. L. & P. Co.,* 149 Ala. 529; *So. Ry. v. Stewart,* 153 Ala. 133; *Ga. Pac. v. Lee, supra.* The case went to the jury on the simple negligence count, and the averments of the complaint were not proven.—*T. C. & I. v. Hansford,* 125 Ala. 349. The intestate was a trespasser, and the pleas filed to these counts were fully proven.— *Ensley R. Co. v. Chewning,* 95 Ala. 24; *L. & N. v. Hairston,* 97 Ala. 352; *Stringer v. A. M. R. R. Co.,* 99 Ala. 397. There is no duty on trainmen to keep a lookout for trespassers or for persons crossing the track elsewhere than at a public crossing, or in thickly settled communities.—*C. of Ga. v. Blackmon,* 169 Ala. 303; *Weatherly v. N. C. & St. L.,* 166 Ala. 575; *So. Ry. v. Stewart,* 164 Ala. 173; *L. & N. v. Lewis.* 141 Ala. 466. Defendant was entitled to the general charge on the whole case.—Authorities supra.

SOMERVILLE, J.—The fourth count of the complaint is deficient in failing to aver knowledge on the part of the trainmen of such conditions as rendered it likely that some one would be upon the track at the point described, and exposed to danger in the absence of the omitted precautions. Such knowledge is the very essence of wanton or willful injury.—*C. of Ga. Ry. Co. v. Foshee,* 125 Ala. 201, 226, 27 South. 1006; *Peters v. Southern Ry. Co.,* 135 Ala. 533, 33 South. 332; *Southern Ry. Co. v. Stewart,* 179 Ala. 304, 60 South. 927. Moreover, plaintiff had the full benefit of this issue under other counts of his complaint. There was neither error nor prejudice in sustaining the demurrer to this count.

Defendant's second plea, viz., that plaintiff's intestate "was a trespasser on the track at the time and place when and where he was killed," if deficient, was impugned only by general grounds of demurrer, which were properly overruled.

The fourth plea, viz., that plaintiff's intestate, "when injured, was walking along said track, or standing on it, or sitting or lying down thereon," is attacked on the ground that it does not appear but that defendant made no effort to prevent the injury, or that it wantonly or willfully killed the intestate because he was on the track. It is true that the averment of the first count that defendant "so negligently conducted its said business that one of its locomotives ran over the plaintiff's intestate is broad enough to cover subsequent negligence on the part of the engineer (*C. of Ga. Ry. Co. v. Foshee,* 125 Ala. 199, 217, 27 South. 1006), and so to support a recovery therefor; nevertheless, when it appears from the complaint alone, or from the complaint and a plea combined (as here), that the intestate was a trespasser upon the defendant's track or right of way,

this imposes upon the plaintiff the burden of further alleging that the defendant's servant failed to use due diligence to avoid the injury after discovering the peril. It is sufficient to say of this plea that it is a direct traverse of the material averments of the complaint that the intestate was killed while *crossing the track,* or *while passing along the highway at a public crossing,* and was in effect a plea of the general issue, and not subject to the demurrer.

The trial court properly instructed the jury that they could not find for plaintiff on the wanton counts. There was no evidence offered as to the number of the population of Boaz, or the vicinity of the crossing, nor was it shown that people crossed even at the public crossing—to say nothing of the little trail where the injury occurred, and which was nearly 200 feet from the public crossing—in such numbers and with such frequency as to render it probable that some one would be exposed to danger; and hence there was no support whatever for the charge of wanton or willful injury. Nor could it be supported in inference by the mere fact that the train was running at a speed of 30 or 35 miles an hour.

The case went to the jury on the first, third, and sixth counts of the complaint, charging simple negligence. The first and sixth counts aver that the intestate was killed while in the act of crossing the track "at or near" to a specified public crossing in the town of Boaz. The undisputed evidence shows, on the contrary, that he was killed at a point some 150 or 200 feet from that crossing. Where the phrase "at or near" is used in pleading, not merely to identify the locus of the injury, but to fasten upon defendant certain duties owed only with respect to the place named, then proof of injury at a place 150 or 200 feet distant, where defendant's obligations to the public are of a materially different char-

acter, will not support the complaint.—*B. R., L. & P. Co. v. Lide,* 177 Ala. 400, 58 South. 990; *Pryor v. L. & N. R. R. Co.,* 90 Ala. 32, 8 South. 55; *Central of G. Ry. Co. v. Thomas,* 1 Ala. App. 267, 55 South. 443. We are therefore of the opinion that plaintiff failed to make out his case under these counts.

The third count avers that the intestate was killed "while passing along the highway at a public crossing in said town of Boaz, known as the 'Denson crossing.'" The variance between this averment and the proof is radical and fatal, for the reasons just above stated.

It is of no consequence that the first count does not designate Denson's crossing as a public crossing, since the evidence shows that it was a public crossing in fact, and intestate's rights and defendant's duties were not the same at the trail and at the crossing. But, pretermitting the theory of variance, the only duty owed by defendant to intestate while crossing its track at the place where he was in fact killed was not to injure him intentionally, and to use due dilligence to avoid injuring him after discovering his peril. The testimony of the engineer shows that intestate's peril was not discovered at all, and this overcomes the prima facie presumption of negligence, created by the statute (Code, § 5473), where an injury is shown. In this view of the case the court might, with propriety, have given the general affirmative charge for defendant on the entire case, and it is therefore wholly unnecessary to consider the other rulings of the court which are assigned as error, since in no aspect could they affect the result.

The judgment is affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.