12 So.2d 180

**MITCHELL, Judge of Probate of Cullman County, v. McGUIRE.**

6 Div. 112.

Supreme Court of Alabama.

Feb. 25, 1943.

St. John & St. John, of Cullman, for appellant.

Russell W. Lynne, of Decatur, for appellee.

THOMAS, Justice.

The action is against appellant as judge of probate for the penalty to which he is subject if he issues a license for the marriage of a minor without the consent of the parent or guardian.

This court has held that the sureties on the judges of probate's official bond are not liable in an action for tort. Jeffreys v. Malone et al., 105 Ala. 489, 17 So. 21.

In the case of Phillips et al. v. Morrow, 210 Ala. 34, 37, 97 So. 130, 132, it is observed: "'Exemplary damages are not generally recoverable against sureties upon bonds, even though the breach on the part of the principal was malicious or tortious.' 13 Cyc. 116; Lienkauf v. Morris, 66 Ala. 406; Peelle v. State, 118 Ind. 512, 21 N.E. 288; Johnson v. Williams ['Adm'r], 111 Ky. 289, 63 S.W. 759, 23 Ky. Law Rep. 658, 54 L.R.A. 220, 98 Am.St.Rep. 416. This is also stated to be the general rule by Mr. Sedgwick in his work on Damages, section 370. It will be noted, however, that he cites the case of Floyd v. Hamilton, 33 Ala. 235, as opposed to said general rule. It is also apparent that there is a conflict between the Lienkauf and Floyd cases, supra, and each case has been cited approvingly by many subsequent decisions and without taking notice of the seeming conflict. These cases, however, deal generally with sureties on attachment or indemnity bonds to the

sheriff as distinguished from those on the bond of public officials, and need not now be reconciled (though in the opinion of the writer the Lienkauf case is supported by reason and the great weight of authority), as we find not only the great weight of authority but two Alabama cases holding that, unless the statute directs to the contrary, sureties upon official bonds are liable only for damages which one may sustain resulting from a breach of the bond and not damages or penalties that may be awarded by way of punishment of the principal. Brooks v. Governor, 17 Ala. 806; Jeffreys v. Malone, 105 Ala. 489, 17 So. 21. It is true, these two cases dealt with a penalty, rather than exemplary or punitive damages; but the underlying principle of the rule there declared and followed is that unoffending sureties upon official bonds are responsible only for compensatory damages sustained by virtue of a breach of the bond, as distinguished from such penalty or punitive damages as may be awarded by way of punishment against an offending principal. * * *"

See the cases of Wilson v. Orr, 210 Ala. 93, 97 So. 133; Hain v. Gaddy, 219 Ala. 363, 122 So. 329; Kilgore v. Union Indemnity Co., 222 Ala. 375, 132 Ala. 901; Holland v. Fidelity & Deposit Co., 225 Ala. 669, 145 So. 131.

In 64 A.L.R. 934, the note is to the effect that: "In Phillips v. Morrow, 1923, 210 Ala. 34, 97 So. 130, supra, it was held that where the bonding company did not authorize, direct or participate in the arrest, and did not subsequently ratify same, it was not answerable for punitive damages as distinguished from compensatory damages. In support of its decision the court cited Brooks v. Governor, 1850, 17 Ala. 806, and Jeffreys v. Malone, 1894, 105 Ala. 489, 17 So. 21, and observed that although those two cases dealt with a penalty, rather than exemplary or punitive damages, nevertheless the underlying principle of the rule there declared and followed is that unoffending sureties upon official bonds are responsible only for compensatory damages sustained by virtue of a breach of the bond, as distinguished from such penalty or punitive damages as may be awarded by way of punishment against an offending principle. The case of Lienkauf v. Morris, 1880, 66 Ala. 406, in which the sureties were sued with the principal on an attachment bond, is to the same effect as Phillips v. Morrow (Ala.) supra. In the latter case

Floyd v. Hamilton, 1858, 33 Ala. 235, is cited as being opposed to the general rule that exemplary damages are not recoverable against sureties upon bonds, but no attempt was made to reconcile it."

The cases appear to be unanimous on this point, except Ewton v. McCracken, 9 Ala. App. 619, 64 So. 177, which has not been considered or approved on the instant question in suit for penalties or punitive damages. National Surety Co. v. Plemmons, 214 Ala. 596, 108 So. 514; Deason v. Gray, 192 Ala. 611, 69 So. 15.

It follows from authorities cited here that the liability under Code 1940, T. 34, § 15 is statutory and highly penal and must be strictly construed. The penalty is pronounced against the judge of probate personally. The penalty prescribed is by way of punishment, and is not compensatory, and the bondsmen are only liable in a compensatory way. Jeffreys v. Malone et al., supra.

The suit in this case being against the judge of probate in his official capacity, and not as an individual, and the judgment being in favor of the plaintiff against him in his official capacity, and not against him personally, the affirmative charge in favor of the defendant should have been given. The court committed error in refusing it and committed error in giving the affirmative charge for plaintiff.

It is insisted by appellee that the ruling on demurrer induced by plaintiff to strike the individual defendant, leaving only the judge of probate as defendant, and by such pleading induced the amendment of the complaint, he is estopped from now insisting that an improper party was before the court. However this is, we will consider the further insistence as to the evidence that is material under the statute.

The trial was had on issue joined on the complaint, the plea of the general issue and special plea number four.

It is the insistence of appellee that the affidavit offered in evidence is not sufficient under Code 1940, T. 34, § 16. The affidavit states that the answers to the questions concerning said parties to the marriage "are true to the best of his knowledge, information and belief." Objection was made to this affidavit by the plaintiff on the following grounds:

"Plaintiff objected on the ground that the affidavit or no part of the whole record complies with the statute under which this

suit is brought, and because the affidavit relied on is on information and belief, and not positive terms, and because the affidavit only states what the affiant believes and not what he knows, and because it is made by the party marrying the girl, and the affidavit only purports to be an application for a marriage license, and that the affidavit is not what the statute contemplates and requires, and because the party making the affidavit is an interested party and disqualified."

The court sustained this objection, to which exception was seasonably reserved by appellant.

In the case of Worthen v. State ex rel. Verner et al., 189 Ala. 395, 66 So. 686, 688, a case for the disbarment of an attorney, proceeding for the disbarment at that time were required to be verified by the oath of the party or some other person, taken before any officer authorized by law to administer oaths in or out of the State, that such facts are true, and must be presented to or filed in the circuit court or city court of like jurisdiction, accompanied by surety for costs, to be approved by the judge thereof. In the Worthen case, the court said:

"The statute (section 2997) exacts an affidavit to the effect that the 'facts' averred 'are true.' The objections taken in the quoted grounds of the motion would, if sustained, enforce the construction, of the just mentioned provisions of the statute, that the affidavit could only be made by a person or persons having personal, actual knowledge of the facts alleged; or, to state that result conversely, that information and belief would not afford the statute prescribed verification of such accusation."

The test of the sufficiency of the paper as an affidavit is the privilege to assign perjury upon it if the statements thereon contained are false. Sellers v. State, 162 Ala. 35, 50 So. 340. This case is cited in Walker County v. Burdeshaw, 232 Ala. 621, 169 So. 227.

The affidavit offered in this case was that the girl, Leona McGuire, was nineteen years of age at the time the license was issued. The probate judge required the affidavit as a precautionary measure before issuing licenses. The affidavit is probably in the same language as other affidavits used by judges of probate all over this state in issuing such licenses. It indicates that the probate judge was acting in good faith in the issuance of said license. The statute being penal in nature, we hold that the probate judge has used the necessary precaution in requiring affidavits before issuing marriage licenses.

Code 1940, T. 34, § 16 does not require that the affidavit be made by a person having knowledge of the facts, but that the affidavit must be made by "such minor, or some other credible person *claiming to know the fact*." [Italics supplied.]

The defendant offered to prove that the man, Jurdy Washington Hughes, who made the affidavit to procure the issuance of the license was a credible person. This evidence was admissible under the issue being tried. The statute, Code 1940, T. 34, § 16, provides that the affidavit must be made by the minor or some other credible person, and this is one of the averments of plea number four.

Evidence as to the age of a person is an exception to the rule of hearsay evidence, in that the age of a person depends more or less upon information and belief or reputation. If this were not true, it would be impossible in many cases to prove one's age. A person would have to be present at the birth in order to actually know when a person was born. Age is established by information, reputation, acquaintance, and surrounding circumstances, and can be established by circumstantial evidence. It follows that an affidavit as to the age of a person necessarily depends more or less upon information and belief. Duncan v. Watson, 198 Ala. 180, 73 So. 448; Cavin v. Cavin, 237 Ala. 185, 185 So. 741.

We wish further to indicate that the case of Worthen v. State ex rel. Verner et al., 189 Ala. 395, 66 So. 686, supra, is directly in point. It holds that a similar affidavit was sufficient to institute proceedings for disbarment of an attorney at law, and further that such an affidavit would be the foundation for prosecution for perjury. This is the test of the sufficiency of an affidavit. And in Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86, it was declared that in ascertaining dubious legislative intent, weight will be given to the practical effect which a proposed construction of the statute will have. Here the statute employs the words *or other credible person claiming to know the facts*. That is, the purpose of the statute before us was precautionary and a pledge of good faith. Barnett v. State ex rel. Simpson, 235 Ala. 326, 179 So. 208. The affidavit in Gordon

v. State ex rel. Cole, 237 Ala. 113, 185 So. 889, and the Worthen case, supra, the affidavit was on information and belief and held sufficient in verification of cross bills. Lambert v. Anderson, 227 Ala. 222, 149 So. 98, case in verification of bill of complaint. Brown v. State ex rel. Wright, 222 Ala. 623, 133 So. 913, and in disbarment proceedings in the Worthen case, supra.

The testimony of the clerk in the office of the judge of probate who took applications for licenses and who required the oath in question, shows that the application disclosed the age of the girl Leona McGuire, that she was "Color—W", Age "19" date of birth "3–23–1921", which we judicially know means that she was a white girl and born March 23, 1921, and defendant sought to show that affiant was a credible person. This is all the statute requires.

It results, therefore, that the court was in error in excluding affidavit offered in evidence in this case, in giving the affirmative charge for plaintiff, and in refusing a like charge for the defendant.

It results from the above that the judgment of the circuit court should be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.