# Seaboard A. L. Ry. Co. *v.* Hudgins.

## *Crossing Accident.*

(Decided February 5, 1914. 64 South. 666.)

1. *Railroads; Crossing Accident; Duty to Stop and Look.*—Where a traveller in a vehicle approaching a railroad crossing stops so far from it as not to be able to discover the danger from an engine or train then near it, he is bound to stop at some point near the crossing where he can discover the danger in crossing.

2. *Same.*—Where a traveller in a vehicle stops near enough to a public crossing to discover an engine at a standstill some distance

[Seaboard A. L. Ry. Co. v. Hudgins.]

away, and sees the engine again when about forty yards from the crossing, which has given no warning signal that it has started, his negligence in attempting to cross without stopping again is for the jury.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by A. D. Hudgins against the Seaboard Air Line Railway Company for damages for injury to person and property suffered by a collision at a crossing. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. Defendant was entitled to the affirmative charge on count 2.—*Peters v. So. Ry.*, 135 Ala. 503; *C. of Ga. v. Foshee*, 125 Ala. 199; *C. of Ga. v. Barnett*, 151 Ala. 407. Under these authorities defendant was also entitled to the affirmative charge as to the third count. Counsel discuss the action of the court in overruling motion for new trial, but without further citation of authority.

BONDURANT & SMITH, for appellee. No brief reached the Reporter.

WALKER, P. J.—There was evidence tending to prove that the plaintiff's minor son, as he was riding in a buggy at night and approaching the place of crossing of the defendant's track and the street in the town of Odenville on which he was traveling, stopped the buggy about 50 or .75 yards from the crossing, looked and listened for an approaching train or engine, and discovered nothing to indicate the proximity of either except the light of an engine which was standing still 150 or 200 yards from the crossing; that, proceeding then towards the crossing, and after passing a building,

and when about 40 yards from the crossing, he again saw the light of the engine as before, and did not stop again before going upon the track, where the buggy was struck by the rear end of the train, which the engine which he had seen was then slowly backing over the crossing; and that the engine was put in motion without the bell being rung or the whistle blown, and when there was no light on the rear of the train which was in view of the occupants of the buggy, who did not discover the approach of the train until immediately before the collision.

It is contended in behalf of the appellant (defendant below) that it was a necessary inference from the undisputed evidence in the case that the plaintiff's son was guilty of negligence in failing to make another stop before undertaking to drive over the track. It is insisted in argument that this conclusion follows from an application to the evidence in the case of the rules stated in the cases of *Central of Georgia Ry. Co. v. Foshee,* 125 Ala. 212, 27 South. 1006, and *Central of Georgia Ry. Co. v. Barnett,* 151 Ala. 407, 44 South. 392. Those rulings are to the effect that a traveler in a vehicle who, on approaching a railroad crossing, stops so far from it as not to be able to discover the danger from an engine or train then in proximity to it, is not relieved of the duty of stopping at some point nearer the crossing where he could discover the peril in proceeding farther. A different case is presented when such a traveler stops near enough to a much-used public crossing in a town to ascertain the situation with reference to it of an engine then in its vicinity and discovers that such engine is at a standstill some distance from the crossing. If with this situation disclosed to him the traveler proceeds on his way, seeing the engine again when he is about 40 yards from the crossing, and, in the

absence of any sound of a whistle blown or bell rung or of anything to give warning that the engine has been put in motion, undertakes to go over the crossing without stopping again, the question as to whether he was or was not negligent in doing so is one for the jury. We are not of opinion that it can properly be said as a matter of law that one so acting in such circumstances is chargeable with negligence for failing to anticipate that the engine might, without any signal or warning at all, be put in motion to back a train in the dark over the crossing. The conclusion is that the defendant was not, on the theory that the evidence without conflict sustained one or both of its pleas of contributory negligence, entitled to require the court to give either of the written charges requested in its behalf.

The result of applying the familiar rules governing the review on appeal of the action of a trial court on a motion for a new trial is that the assignment of error based upon the overruling of the defendant's motion for a new trial cannot be sustained.

Affirmed.