# Seaboard A. L. Ry. Co. v. Hudgins.

## Crossing Accident.

(Decided June 9, 1914. 65 South. 716.)

1. *Railroads; Crossing Accident; Wanton Negligence.*—The evidence examined and held to show that those in charge of the train were not guilty of wanton or intentional injury to one struck on the crossing, nor of wanton negligence; wanton negligence being that negligence with knowledge of such conditions as make it likely

or probable that injury will result from what one does or omits to do, so that his conscious and intentional wrong conduct evinces a reckless indifference to consequences.

2. *Same; Jury Question.*—Under the evidence in this case it was a question for the jury whether the person injured at the crossing was guilty of contributory negligence in failing to stop at a point nearer the track than he did.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by A. E. Hudgins against the Seaboard Air Line Railway Company for damages for injury at a crossing. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW and J. P. MONT-GOMERY, for appellant. The court should have given the affirmative charge as to the second count as it was completely answered by defendant's second and third plea.—*Peters v. Sou. Ry. Co.*, 135 Ala. 533; *C. of Ga Ry. Co. v. Foshee*, 123 Ala. 199; *C. of G. Ry. Co. v. Barnett*, 151 Ala. 407. The fourth count charged wanton negligence and was not supported by the proof. In fact there was an utter failure of proof to support it. —*A. G. S. R. R. Co. v. Guest*, 144 Ala. 373; *N. C. & St. L. Ry. v. Harris*, 142 Ala. 249.

BONDURANT & SMITH, for appellee. Under the evidence in this case it was a question for the jury whether or not plaintiff was guilty of contributory negligence and the court properly submitted that issue to the jury. The evidence brings the case squarely within the rule for wanton negligence.—*A. G. S. R. R. Co. v. Guest*, 144 Ala. 373. Section 5473, Code, 1907; *Montgomery St. Ry. v. Rice*, 142 Ala. 674.

WALKER, P. J.—We are not of opinion that there was any evidence to sustain the averment of the fourth

[Seaboard A. L. Ry. Co. v. Hudgins.]

count of the complaint, to the effect that an agent or servant of the defendant, whose name is to the plaintiff unknown, while acting within the line and scope of his employment, in charge of the operation of the train, willfully, wantonly, or intentionally caused the plaintiff to receive the injuries complained of. The following facts were disclosed by undisputed evidence: The train, which after dark at a crossing of the defendant's track and a street in the town of Odenville collided with the buggy in which the plaintiff was riding, had passed over that crossing a few minutes before, going west. As it did so, there was dropped from the caboose in the street where it crossed the track a fuse, which lighted up the crossing and continued to do so at the time of the collision. The train proceeded in the direction it was then going until it passed a switch about 500 feet beyond the crossing, headed into another track, called the passing track, stopped long enough for the engine to take on water, was then put in motion to back over the crossing, and, on a signal from the flagman, given from the caboose when it was about 50 feet from the crossing and after he saw by the light of the fuse that there was then no one at or immediately about the crossing, went onto the crossing at what none of the testimony tended to prove was a high rate of speed. There was no evidence tending to prove that those in charge of the train had reason to expect, constant or frequent use of the crossing by travelers on the street at that hour of night.

There was no pretense of evidence tending to prove that the injury was willfully or intentionally inflicted. Nor was any employee in charge of the operation of the train chargeable with wantonness in the circumstances disclosed by the evidence. One is not chargeable with wantonness unless he knows of the existence of such

conditions as make it likely or probable that injury
will result from what he does or omits to do, and his
conscious and intentional wrongful conduct in the light
of such knowledge evinces a reckless indifference to con-
sequences. If there is neither such knowledge nor such
reckless indifference to consequences, however negli-
gent the conduct may be, it is not to be characterized
as wanton.—*Peters v. Southern Railway Co.*, 135 Ala.
533, 33 South. 332; *Southern Railway Co. v. Stewart*,
179 Ala. 322, 60 South. 927; *Liverett v. Nashville, C.
& St. L. Ry.*, 65 South. 54. When those in charge of
a train, in anticipation of backing it at night over a
street crossing, take the precaution of giving to those
who may be approaching by the street such warning as
is afforded by leaving a burning fuse at the crossing,
which lights up it and its immediate vicinity, and back
the train upon the crossing at a moderate speed only
after ascertaining by the light of the fuse that no one
was at or immediately about it when the train was
about 50 feet from it, there may be something in their
conduct to render it negligent; but it does not manifest
a heedless lack of regard for consequences. Action in-
duced by a mistaken inference of the lack of danger in-
volved in taking it is not the same thing as the heed-
less doing or omission to do something by one who is
aware that harmful consequences are likely to ensue.
While those in charge of the train, unwarrantably re-
lying on the sufficiency of the precautions they took,
and on travelers on the street apprehending the signifi-
cance of the burning fuse, were guilty of negligence if
they failed to give the signals required by the statute
(Code, § 5473) at such a place, their conduct was not
shown to have had the features of consciousness of the
danger involved and reckless indifference to conse-
quences. It turned out that the train employees were

mistaken in concluding that there was no danger in attempting to go over the crossing, and some of the evidence tended to prove that there was a negligent failure to blow the whistle or ring the bell; but none of the evidence as to their conduct tended to prove that it was marked by that reckless indifference to realized probable consequences which is an essential ingredient of wantonness. The conclusion follows that the court was in error in refusing to give written charge 1 requested by the defendant.

Whether the plaintiff was or was not guilty of contributory negligence in failing to stop at a point nearer the track than he did was a question for the jury, as we ruled on similar evidence in the suit brought by his father which was based upon the same occurrence. —*Seaboard Air Line Ry. Co. v. Hudgins, infra,* 64 South. 666.

Reversed and remanded.